Pérez de Tudela, Recurrente, *v.* El Registrador de Humacao, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de un expediente posesorio.

No. 257.—Resuelto en marzo 31, 1916.

Municipios—Segregación de Poblados—Ley No. 9 de 1914.—Fecha en que Comenzó a Regir.—Si bien la ley No. 9 de 1914 empezó a regir el 12 de marzo en que fué aprobada, es lo cierto que de acuerdo con sus propios términos no quedaron constituídos en municipios independientes los poblados de Guánica, Luquillo, Ceiba y Las Piedras, hasta el 1°. de julio de 1914.

Expediente Posesorio—Municipios de Fajardo y Luquillo—Inscripción de Solares—Testigos.—Habiendo sido comenzado y aprobado el expediente posesorio de que se trata y expedida la certificación del alcalde de Fajardo después de la vigencia de la ley No. 9 de 1914 pero antes de la completa desanexión del municipio de Luquillo, *se resolvió:* que el solar pudo y debió inscribirse a nombre del municipio de Fajardo; que un vecino de Fajardo podía en aquel entonces considerarse como vecino de Luquillo y por tanto declarar como testigo en un expediente posesorio de una finca situada en Luquillo, y que el alcalde de Fajardo tenía facultad para expedir la certificación creditiva de que el solar en cuestión pertenecía a dicho municipio a los efectos de su inscripción en el registro.

Id.—Solares—Usufructo—Edificaciones—Permiso para Construir.—Cuando de una certificación expedida por un alcalde aparece que el solar fué cedido en usufructo por el concejo municipal al peticionario, no es indispensable la presentación en el registro del permiso que se le otorgara por el municipio para construir en él una casa, a los efectos de la inscripción de ésta por medio de un expediente posesorio.

Id.—Resolución Final—Certificación del Secretario—Falta Subsanable—Defecto Subsanable.—La resolución final aprobatoria de un expediente posesorio debe ser certificada (*attest*) por el secretario de la corte, y cuando sólo está firmada por el juez constituye esto una falta o defecto subsanable.

Id.—Cédula de Citación de Colindantes—Colindantes.—No existe precepto alguno en la ley que ordene que la cédula de citación de colindantes se una al expediente, bastando que en él conste la declaración jurada de la persona o la certificación del funcionario que hizo la citación.

Los hechos están expresados en la opinión.

El peticionario compareció en nombre propio.

El registrador recurrido, Sr. Raúl Benedicto, también compareció en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Alfredo Pérez de Tudela y Calzada, el 18 de abril de 1914, inició en la Corte Municipal de Fajardo, un expediente para acreditar la posesión de cierta casa enclavada en un solar de la pertenencia del municipio de dicho pueblo. Se tramitó el expediente y se declaró la posesión a favor del peticionario. Este lo presentó entonces en el Registro de la Propiedad de Humacao y el registrador se negó a inscribirlo por medio de la siguiente nota:

"Denegada la inscripción de este expediente porque el solar en que enclava la casa objeto del mismo no aparece inscrito y sí sola-

mente está anotada por 120 días la denegación de su inscripción a favor del municipio de Fajardo; porque del expediente no aparece la correspondiente autorización del municipio para la edificación de la casa, y porque uno de los testigos que declaran en la información es vecino de Fajardo y no de Luquillo que es donde radica la finca y ya era pueblo cuando se inició el expediente, tomándose en su lugar la anotación por 120 días que dispone la ley en el tomo 14 de Luquillo, al folio 137, finca No. 591, anotación letra B; y haciéndose constar además los defectos subsanables de no aparecer certificada por el secretario de la corte municipal la resolución final del expediente y que en el mismo no consta la cédula de notificación a los colindantes y ministerio fiscal. Humacao, P. R., primero de diciembre de 1915.''

También se presentó para su inscripción en el Registro de la Propiedad de Humacao, una certificación expedida por el Alcalde de Fajardo creditiva de que el solar en donde está enclavada la casa cuya posesión se acreditó en el expediente a que nos hemos referido corresponde al dicho municipio. De igual modo se negó el registrador a inscribirla, expresando sus razones en una nota que dice así:

''Denegada la inscripción del solar a que se contrae la presente certificación porque no solicitándose expresamente en ella la inscripción a favor del municipio de Fajardo no obstante haberse consignado que éste es el que posee el solar desde que le fué anexado el municipio de Luquillo, y resultando que en la fecha de la expresada certificación ya había sido desanexado ese municipio del de Fajardo en virtud de ley de la Asamblea Legislativa de Puerto Rico de marzo 12 de 1914, estando hoy constituído en un nuevo municipio con cuanto le integraba anteriormente, no puede el registrador determinar, dada la ambigua redacción del documento presentado, si procede inscribir la posesión de dicho solar a favor del municipio de Luquillo o del de Fajardo, tomando en su lugar la anotación por 120 días que dispone la ley, en el tomo 14 de Luquillo, al folio 136, finca 591, anotación letra A.  Humacao, P. R., primero de diciembre de mil novecientos quince.''

Contra ambas negativas recurrió Pérez de Tudela para ante este Tribunal Supremo.  Los motivos en que se basan las notas transcritas pueden resumirse así:

1. Que a la fecha del expediente posesorio, y a la de la expedición de la certificación del Alcalde de Fajardo, ya Luquillo constituía un municipio independiente y, por tanto, el solar no pertenecía a la municipalidad de Fajardo ni podían declarar en el posesorio vecinos de este último pueblo.

2. Que no constaba la autorización para construir.

3. Que la resolución aprobatoria del expediente no estaba certificada por el secretario, y

4. Que no se incluía la cédula de citación de los colindantes.

1. Examinemos el primer motivo. El expediente posesorio se inició el 18 de abril de 1914 y se aprobó el 2 de mayo del mismo año. La certificación del Alcalde de Fajardo se expidió el 8 de abril de 1914. La ley No. 9 de 1914 para constituir a los poblados de Guánica, Luquillo, Ceiba y Las Piedras, en municipios separados, se aprobó el 12 de marzo de 1914. ¿Cuándo comenzó a regir? El registrador sostiene que desde la fecha de su aprobación. El recurrente que desde el 1 de julio de 1914.

A nuestro juicio tiene razón el registrador en cuanto a que la ley comenzó a regir el 12 de marzo de 1914. Así lo prescribe su artículo 14 por medio de estas claras palabras: "Esta ley empezará a regir desde su aprobación." Mas, no obstante ser esto así, la conclusión a que llega el registrador con respecto a que desde la fecha de la vigencia de la ley el municipio de Luquillo quedó de hecho y de derecho convertido en un municipio independiente, es errónea, a nuestro juicio.

Por la sección 2 de dicha ley se prescribe que el Gobernador dentro de los treinta días subsiguientes a la aprobación de la misma, nombrará un alcalde y un concejo municipal; por la 3, que dentro de igual término nombrará una junta escolar; por la 4, que a partir del 1 de julio los alcaldes de nuevo nombramiento desempeñarán todos los deberes que la ley prescribe para alcaldes de municipios de tercera

clase, y que con anterioridad a esa fecha desempeñarán los deberes y tendrán facultad para actuar en aquellos asuntos que fueren necesarios para realizar la completa organización en dicho día de un gobierno municipal separado; por las 5 y 6, se dictan iguales reglas con respecto a los concejos y a las juntas escolares; por la 7, se prescribe que los alcaldes, concejos municipales y juntas escolares de los pueblos de Yauco, Fajardo y Humacao conservarán, hasta el 30 de junio de 1914, la jurisdicción que venían ejerciendo sobre los territorios segregados, y, por la 9, que la propiedad inmueble perteneciente a los municipios de Yauco, Fajardo y Humacao radicada en los nuevos municipios creados por la ley, se entregará a éstos a más tardar el 30 de junio de 1914.

Se ve, pues, por el contenido de toda la ley, que si bien empezó a regir el 12 de marzo de 1914 en que fué aprobada, se fijó por ella misma un período para los trabajos previos necesarios a fin de ultimar debidamente la desanexión, no quedando en verdad constituídos en municipios independientes los desanexados, entre ellos Luquillo, hasta el 1 de julio de 1914, fecha que era en verdad la que lógicamente debía fijarse en atención a comenzar en ella el nuevo año económico.

Las fechas en que se inició y se aprobó el expediente posesorio de que se trata y la en que se expidió la certificación del Alcalde de Fajardo de que se ha hecho mérito, están, pues, comprendidas dentro del período preparatorio indicado y en tal virtud opinamos que el Alcalde de Fajardo tuvo facultad para expedir la certificación, que el solar pudo y debió inscribirse a nombre del municipio de Fajardo y que un testigo vecino de Fajardo podía en aquel entonces considerarse como vecino de Luquillo, por estar Luquillo aún comprendido dentro de Fajardo, y, por tanto, declarar como testigo en un expediente posesorio de una finca situada en Luquillo.

2. A nuestro juicio, apareciendo como aparece de la certificación expedida por el alcalde que el solar de que se trata "fué cedido en usufructo por el Concejo Municipal de Fajardo a Don Alfredo Pérez de Tudela," no es indispensable la presentación en el registro del permiso que debió otorgar el municipio para que se levantara la casa a que se refiere el expediente posesorio.

3. A nuestro juicio existe la falta subsanable que dejamos designada bajo este número. La resolución final aprobatoria del expediente posesorio está firmada solamente por el juez municipal, y habiendo en dicho juzgado un secretario, es bien claro que éste debió certificarla. Como precedente legal, véase la resolución de la Dirección General de los registros de 13 de noviembre de 1872. Odriozola, Jurisprudencia Hipotecaria, 446.

4. Y en cuanto a la falta de la cédula de citación de los colindantes, diremos que la ley sólo exige que se cumpla ese requisito, pero ni el registrador ha citado, ni hemos encontrado nosotros precepto alguno que ordene que la cédula de notificación se una al expediente. En este caso existe unida al expediente la declaración jurada de la persona que citó a los colindantes, quedando de tal modo demostrado el cumplimiento de lo exigido por la ley.

Por virtud de todo lo expuesto, opinamos que debe ordenarse al registrador recurrido que verifique las inscripciones solicitadas pero, en cuanto a la del expediente posesorio, con el defecto subsanable de la falta de certificación del secretario de la corte municipal de que se trata.

*Revocadas las notas recurridas en cuanto por*
*ellas se niegan las inscripciones solicitadas*
*y confirmada una de ellas en cuanto al de-*
*fecto subsanable de no aparecer certificada*
*por el secretario la resolución final.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.