ECHEVARRÍA, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de un expediente posesorio.

No. 368.—Resuelto en marzo 27, 1919.

INSCRIPCIÓN—EXPEDIENTE POSESORIO—CITACIÓN DE COLINDANTES.—Al verificarse la citación de colindantes que dispone el artículo 390 de la Ley Hipotecaria no se trata de adquirir jurisdicción sobre las personas citadas sino de cumplir un precepto legal, y tal cumplimiento queda demostrado con la declaración jurada de la persona que citó a los colindantes; por tanto, no constituye defecto que impida la inscripción de un expediente posesorio el hecho de que en el mismo no exista la cédula original de citación de colindantes expedida por el secretario de la corte que ordenó la inscripción.

ID.—CITACIÓN DEL FISCAL.—No constituye defecto que impida la inscripción de un expediente posesorio el hecho de que no resulte del mismo que el fiscal fuera citado con expresión del lugar, hora y día de la diligencia de citación,. siempre que, como en el presente caso, el fiscal haya comparecido por escrito ma-

nifestando no tener nada que objetar contra la aprobación del expediente por haberse guardado en el mismo las formalidades de ley.

Id.—Autorizaciones Municipales para Urbanizar Solares del Procomún—Notificación al Alcalde.—Una de las razones que tuvo el registrador para denegar la inscripción del expediente posesorio en este caso fué el no aparecer del expediente la necesaria autorización del municipio de Patillas para la edificación de la casa sobre solar de dicho municipio. *Se resolvió:* que en el supuesto de que tal autorización fuera necesaria, la omisión quedó subsanada con la citación que para la instrucción del expediente se hizo al alcalde en representación del municipio y con la declaración jurada de aquél reconociendo que la casa objeto del expediente pertenecía al peticionario.

Id.—Resoluciones Firmes—Apelación—Defecto Subsanable.—Cuando en la tramitación de un expediente posesorio no ha habido oposición por persona alguna y así lo certifica el secretario de la corte, la resolución aprobando la información nace consentida y es firme antes de vencerse el término dentro del cual pudiera interponerse el recurso de apelación, por estar impedidas (*estopped*) las partes de reclamar contra ella, no constituyendo, por tanto, defecto subsanable el que no se haga constar ser firme la resolución a los efectos de la inscripción del expediente en el registro de la propiedad.

Id.—Resolución Final—Certificación del Secretario—Defecto Subsanable.— La resolución final aprobatoria de un expediente posesorio debe se certificada (*attest*) por el secretario de la corte, y cuando sólo está firmada por el juez constituye esto una falta o defecto subsanable.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El registrador recurrido no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por resolución de 8 de mayo de 1918 la corte municipal del pueblo de Patillas, declaró justificada a favor de Francisco Echevarría Altuna la posesión de una casa que había construído en solar del municipio de dicho pueblo, inscrito en el Registro de la Propiedad de Guayama, ordenando la inscripción de tal posesión en dicho registro sin perjuicio de tercero de mejor derecho, a cuyo fin se entregaría al interesado el expediente posesorio instruído.

El Registrador de Guayama denegó la inscripción por nota de 24 de mayo citado consignando como razones de su negativa: primera, que en el expediente no aparece devuelta al secretario de la Corte Municipal de Patillas la cédula original librada para la citación de los colindantes y del fiscal, para que con examen de su diligenciado pudiera conocer el

juez si fueron los mismos debidamente citados; segunda, que no consta que fuera citado el fiscal, ni lugar, día y hora en que se llevó a efecto la citación, ni que la persona que la practicó entregara a los colindantes de la finca la copia de la citación, haciendo constar a su dorso la fecha y sitio de la entrega de la notificación, firmándola; tercera, que no aparece del expediente la necesaria autorización del municipio de Patillas para la edificación de la casa. Se hacen constar como subsanables los defectos de no ser firme la resolución y de no estar certificada por el secretario de la corte.

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto.

Al resolver en 31 de marzo de 1916 el caso de *Pérez de Tudela* v. *El Registrador de Humacao,* dijimos:

"En cuanto a la falta de la cédula de citación de los colindantes, diremos que la ley sólo exige que se cumpla este requisito, pero ni el registrador ha citado, ni hemos encontrado nosotros precepto alguno que ordene que la cédula de notificación se una al expediente. En este caso existe unida al expediente la declaración jurada de la persona que citó a los colindantes, quedando de tal modo demostrado el cumplimiento de lo exigido por la ley." 23 D. P. R. 670.

La anterior doctrina es aplicable al presente caso, y ella se basa en que al verificar la citación de los colindantes no se trata de adquirir jurisdicción sobre las personas citadas sino de cumplir un precepto legal, cuyo cumplimiento queda suficientemente demostrado con la declaración jurada de la persona que citó a los colindantes, la cual existe unida al expediente. *Quiñones* v. *El Registrador de San Germán,* 23 D. P. R. 587.

La ley para reglamentar la presentación de evidencia en los procedimientos civiles, aprobada en 9 de marzo de 1905, establece en su artículo 128 que podrá hacerse uso de un *affidavit,* entre otros casos, para probar la entrega de una citación en una acción o procedimiento especial y ese precep-

to es de aplicación a la citación de colindantes en los expedientes posesorios.

Ratificamos nuestra decisión en el caso de *Pérez de Tudela* v. *El Registrador de Humacao,* no obstante nuestra decisión posterior en el caso de *Delgado* v. *El Registrador de Humacao,* 25 D. P. R. 486.

La información posesoria debe practicarse con audiencia del ministerio fiscal, y su intervención se limitará a procurar que se guarden en el expediente las formas de la ley, según precepto del artículo 390 de la Ley Hipotecaria. La audiencia e intervención expresadas han tenido lugar, pues el fiscal de la Corte de Distrito de Guayama manifestó por escrito que nada oponía a la aprobación del expediente por haberse guardado en él las formalidades de ley.

Aunque no aparece del expediente la autorización del municipio de Patillas para la edificación de la casa, no vemos que tal autorización fuera necesaria; pero si lo era, quedó subsanada la falta con la citación que para la instrucción del expediente se hizo al alcalde municipal de Patillas en representación del municipio y con la declaración jurada del mismo alcalde, expresiva de que no se oponía a su tramitación y de que la finca pertenecía al peticionario por haberla fabricado con peculio propio.

En cuanto a los defectos subsanables apuntados en la nota recurrida, el primero, consistente en no ser firme la resolución aprobatoria del expediente, no existe, pues aquella resolución quedó firme desde su fecha por la razón de no haberse hecho oposición alguna a la aprobación del expediente. *Quiñones* v. *El Registrador de San Germán, supra;* y el segundo defecto de no estar certificada la resolución por el secretario de la corte, ciertamente es de estimarse, pues aparece firmada solamente por el juez municipal y habiendo en dicho juzgado un secretario es bien claro que debió certificarla. *Pérez de Tudela* v. *El Registrador de Humacao, supra.* El recurrente en su alegato reconoce la existencia de dicho defecto.

Por las razones expuestas, es de revocarse la nota recu-

rrida, ordenándose al registrador que verifique la inscripción denegada con el defecto subsanable últimamente expresado.

> *Revocada la nota recurrida, y ordenada la inscripción con el defecto subsanable apuntado.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.