Melón Hnos. & Co., S. en C., recurrente, *v.* El Registrador de la Propiedad de Guayama, recurrido

No. 865.—*Sometido:* Mayo 16, 1932. *Resuelto:* Junio 3, 1932.

*Angel A. Vázquez,* abogado de la recurrente; el Registrador en propiedad compareció por escrito sosteniendo la nota de su sustituto.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La recurrente alega que el registrador erró al negarse a inscribir un decreto de información posesoria por no haberse demostrado a satisfacción que se había notificado a los dueños de los predios colindantes. Creemos que el registrador tenía razón. La citación de los colindantes es un requisito jurisdiccional. Lo que esta corte dijo en *Echevarría* v. *El Registrador de Guayama,* 27 D.P.R. 266, fué que la doctrina del caso de *Pérez de Tuleda* v. *Registrador de Humacao,* 23 D.P.R. 670, ''se basa en que al verificar la citación de los colindantes no se trata de adquirir jurisdicción sobre las personas citadas sino de cumplir un precepto legal.'' En esos dos casos el hecho de que los dueños de los predios colindantes habían sido citados había sido establecido mediante

declaraciones juradas. Ninguno de los dos sostiene la contención de que no sea necesaria tal citación. El decreto en el presente caso contiene la aserción de que se han observado las formalidades legales. No podemos convenir con la recurrente en que el registrador estaba obligado a aceptar esta manifestación general como garantía de que los colindantes habían sido citados.

La recurrente también ataca el segundo motivo que tuvo el registrador para negarse a inscribir el decreto, a saber, que la citación por edictos de los herederos de un supuesto dueño anterior no contenía advertencia alguna respecto a la solicitud de cancelación de su título en el registro. Esa cuestión no estuvo envuelta en *Alarcón et al.* v. *El registrador de San Juan,* 35 D.P.R. 41, en que se apoya la recurrente. El emplazamiento debe informar al demandado, por lo menos en forma general, respecto a la naturaleza de la acción. El emplazamiento en el presente caso no contenía esa información. Véanse *López Nazario* v. *El Registrador,* 34 D.P.R. 31, y *Figueroa* v. *El Registrador,* íd. 349.

*Debe confirmarse la nota recurrida.*