Porto Rican Leaf Tobacco Co. v. El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 58.—Resuelto en febrero 14, 1911.

Dominio—Inscripción de Auto de Declaratoria de Dominio—Inscripción de Posesión.—La circunstancia de haberse citado, en una información de dominio, a las personas de quienes hubo la finca el promovente, y por edictos a todas las demás a quienes pudiera perjudicar la inscripción de dominio solicitada, sin que nadie se hubiera presentado a hacer oposición alguna, no es motivo suficiente para que pueda ser privado de su derecho aquel que tenga inscrita a su favor la posesión de la misma finca, y no resulte haber sido citado expresamente en el expediente de información de dominio, a menos que hubiere prestado para ello su asentimiento expreso, o que hubiere sido oído y vencido en juicio.

Id.—Defecto Subsanable.—La omisión de consignar en el testimonio del auto de declaratoria de dominio que éste es firme, constituye un defecto subsanable que debe hacerse constar en la inscripción.

Id.—Información Posesoria.—Las disposiciones del artículo 393 de la Ley Hipotecaria tienen aplicación a las informaciones posesorias, y no hay precepto alguno que lo haga extensivo a las informaciones de dominio.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco Socorro.*

El Juez Presidente, Sr. Hernández, emitió la opinión del tribunal.

Ante la Corte de Distrito del Distrito Judicial de Humacao, The Porto Rican Leaf Tobacco Company promovió expediente de dominio para obtener a su favor la declaratoria ·del que tenía sobre una finca rústica descrita en los términos siguientes:

"Rústica: que radica en el barrio de Hato del término municipal de San Lorenzo, con trece cuerdas 32 céntimos o sean cinco hectáreas, diez áreas y 95 centiáreas, atravesada por la carretera de Caguas a San Lorenzo, y colindando por el Norte con el Río Grande, por el Sud con Don José y Doña Carmen Sellés y Domingo, por el Este con terrenos del pueblo de San Lorenzo y cementerio viejo, y por el Oeste con Don Joaquín Saras."

Según alegaciones hechas en el escrito inicial del expediente de dominio, Don Francisco Sellés López poseyó en concepto de dueño la finca descrita, con buena fe y justo título, desde el año 1893, en que la hubo, hasta el 20 de febrero de 1904, en que la adquirieron por título hereditario Doña Inés, Doña Josefa, Don José y Doña Providencia Dávila Sellés, los que siguieron poseyéndola proindiviso, también en concepto de dueños, y con buena fe y justo título, hasta que habiendo muerto Doña Josefa Dávila Sellés, adquirió en 4 de febrero de 1907 su participación en dicha finca su legítimo hijo Don José María Alvarez, el cual y los otros tres con dueños continuaron poseyendo el inmueble, sin interrupción, y en la misma forma que antes, hasta el 1°. de abril de 1908 en que fué adquirida por The Porto Rican Leaf Tobacco Company, cuya corporación, por carecer de título de dominio inscribible ha tenido que promover expediente de dominio para verificar la inscripción.

La Corte de Humacao, estimando que se habían cumplido los requisitos legales de publicación de edictos, que habían sido citados el Fiscal de dicha corte y los anteriores dueños sin que hubiera habido oposición por parte de persona alguna, y que por declaraciones juradas de tres testigos aparecía justificado el dominio de la finca de que se trata, a favor de The Porto Rican Leaf Tobacco Company, lo declaró así por resolución de 20 de abril del año próximo pasado, y ordenó la inscripción de dicho dominio en el registro de la propiedad, para lo cual se libraría a la corporación peticionaria copia certificada de la resolución.

Presentada en el Registro de la Propiedad de Caguas la copia certificada de referencia para su inscripción en el registro, fué ésta denegada por nota que transcribimos a continuación:

"No admitida la inscripción del precedente documento porque la posesión de la finca que se trata de inscribir se halla inscrita a favor de Don Francisco Sellés López, distinta persona de Don José María Alvarez, Doña Inés, Doña Providencia y Don José Dávila Sellés de quienes la Porto Rican Leaf Tobacco Company adquirió por compra la misma finca, pues aunque del título aparece que Don José María Alvarez es heredero de Doña Josefa Dávila y Sellés y que ésta y los otros tres eran herederos de Don Francisco Sellés López, tanto éste como la Doña Josefa Dávila Sellés a su fallecimiento, según el registro, dejaron más herederos que han debido ser parte en el asunto de declaratoria de dominio, aparte de que todos los aludidos herederos tienen el derecho de ser demandados en pleito contencioso para que se declare por los tribunales quién es el que tiene mejor derecho sobre esa finca. Pues, según el artículo 20 de la Ley Hipotecaria no es inscribible ningún contrato relativo a una finca inscrita que no fuere otorgado por la misma persona que aparezca como dueña, según el registro o por su legítima representación, y con respecto a los títulos declarativos del dominio o sea de las sentencias que declaren el dominio, no podrán inscribirse si la finca se halla inscrita a favor de distinta persona de las personas contra las que se sigue el juicio. (Resolución de la Dirección de los Registros y del Notariado de 9 de mayo de 1889); habiéndose extendido anotación preventiva por ciento veinte días al folio 146 del tomo 16 de San Lorenzo, finca número 860, anotación letra B, con el defecto además subsanable de no constar de dicho documento, que la orden de declaratoria de dominio haya quedado firme sin haberse interpuesto contra la misma recurso alguno. Caguas, abril 28 de 1910. El Registrador, S. Abella Bastón."

La anterior nota ha sido recurrida en tiempo oportuno, y está sometida hoy a nuestra consideración, después de haber alegado la corporación recurrente y el Registrador de la Propiedad de Caguas, cuanto han estimado conducente.

Para la resolución del presente recurso nos basta tener en cuenta los artículos 20 y 82 de la Ley Hipotecaria.

El artículo 20 de dicha ley prescribe que los registradores

de la propiedad denegarán la inscripción o anotación de los títulos en que se transfiera o grave el dominio o la posesión de los bienes inmuebles, cuando en el registro aparezca inscrito el derecho a favor de persona distinta de la que otorgue la transmisión o gravamen; y el artículo 82 ordena que las inscripciones o anotaciones preventivas hechas en virtud de escritura pública, no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de casación, o por otra escritura o documento auténtico, en el cual exprese su consentimiento para la cancelación, la persona a cuyo favor se hubiere hecho la inscripción o anotación, o sus causahabientes, o representantes legítimos.

Como del registro aparece inscrita a favor de Don Francisco Sellés López la posesión de la finca cuyo dominio ha tratado de inscribir .The Porto Rican Leaf Tobacco Company, y no se ha ordenado la cancelación de dicha inscripción por providencia ejecutoria, ni existe escritura o documento auténtico en el cual Sellés López o sus causahabientes hayan prestado su consentimiento para dicha cancelación, la inscripción tiene que subsistir en toda su fuerza y vigor, y subsistiendo, no cabe inscribir el dominio a favor de The Porto Rican Leaf Tobacco Company. En apoyo de la anterior doctrina podemos citar la resolución dictada por esta Corte con fecha 27 de junio de 1902 en el recurso gubernativo de *Emigdio S. Ginorio* v. *El Registrador de la Propiedad de San Juan.*

Ni puede sostenerse que Don Francisco Sellés López haya prestado su conformidad en el expediente de dominio para la cancelación de la inscripción posesoria de que se deja hecho mérito, pues no aparece que fuera citado, según afirma la recurrente, por más que en la copia certificada de la resolución de la corte se consigna que fueron citados los anteriores dueños, que pudieron ser muy bien los que precedieron en el dominio a The Porto Rican Leaf Tobacco Company y nó Don Francisco Sellés López, a quien se supone fallecido en la nota recurrida.

No es aplicable al presente caso el artículo 393 de la Ley

Hipotecaria, preceptivo de que si los registradores, antes de inscribir alguna finca o derecho en virtud de las informaciones posesorias a que se refieren los tres artículos anteriores, encontraren en el registro algún asiento de adquisición de dominio o posesión no cancelado, que esté en contradicción con el hecho de la posesión, cuya inscripción se solicita, deben suspender la inscripción y hacer anotación preventiva si la solicita el interesado, remitiendo copia de dicho asiento al juez que haya aprobado la información, a los fines que expresa el mismo artículo. Tal artículo se contrae a las informaciones posesorias, y no hay en la ley precepto alguno que lo haga extensivo a las informaciones de dominio.

En cuanto al defecto subsanable de no aparecer del documento que sea firme la orden declaratoria del dominio, nada ha alegado en contra la parte recurrente, y nosotros encontramos que realmente existe.

Por las razones expuestas procede la confirmación de la nota recurrida de 28 de abril del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.