WISCOVICH, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de San Germán denegatoria de inscripción de un expediente posesorio.

No. 500.—Resuelto en marzo 6, 1922.

EXPEDIENTE POSESORIO—PERSONAS CON DERECHO A TRAMITARLO.—Los poseedores que carecieren de un título escrito inscribible de dominio, pueden recurrir al medio supletorio que fija la Ley Hipotecaria en su artículo 390 para inscribir su derecho en el registro.

ID.—ASIENTO CONTRADICTORIO.—Cuando la posesión o el dominio de una finca consta inscrito en el registro a favor de una persona distinta del actual poseedor y a éste le es imposible, difícil o costoso adquirir de ella un título escrito inscribible, dicho actual poseedor puede recurrir también al medio supletorio que fija el artículo 390 de la Ley Hipotecaria, debiendo seguirse en tal caso desde el principio el procedimiento fijado en el artículo 393 de la indicada ley.

ID.—PAGO DE CONTRIBUCIONES.—Aunque exista discrepancia entre los hechos consignados en la certificación expedida por el Tesorero para acreditar el pago de la contribución y los hechos que es necesario probar de acuerdo con la

ley, si a virtud de la otra prueba que se practique queda explicada satisfactoriamente dicha discrepancia, no debe, por tal motivo, negarse la inscripción del expediente en el registro.

1D.—CITACIÓN DE LA PERSONA A CUYO FAVOR ESTÉ INSCRITA LA FINCA O DE SUS HEREDEROS.—En el caso del artículo 393 de la Ley Hipotecaria, bien cuando se devuelve el expediente a la corte por haber encontrado el registrador el asiento contradictorio, ya cuando el hecho de la contradicción se establece desde el principio, debe citarse personalmente a la persona a cuyo favor aparece hecho el asiento contradictorio, y si ha muerto, a sus herederos. Cuando no se pueda acreditar debidamente quiénes son éstos para citarlos personalmente, debe citárseles por medio de edictos. Este último requisito no fué cumplido en este caso y por ello se confirmó la nota del registrador que negó la inscripción del expediente.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. J. Sabater.*

El registrador recurrido compareció por escrito.

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Arturo Wiscovich inició en la Corte de Distrito de Mayagüez un expediente para acreditar la posesión de una finca de cerca de dos cuerdas situada en el barrio de Pedernales del municipio de Cabo Rojo, que había adquirido por compra, constante en escritura pública, a doña Asunción Blanch, el 4 de agosto de 1920. En la solicitud expuso el peticionario que el motivo por el cual recurría al procedimiento autorizado por la Ley Hipotecaria era que la finca figuraba inscrita en el registro a nombre de Patxot Castelló y Compañía, inscripción que estaba en contradicción con la posesión actual de la finca por parte del peticionario.

Tramitado el expediente, la corte lo resolvió de conformidad, y presentado en el Registro de la Propiedad de San Germán, fué calificado como sigue:

"Denegada la inscripción del expediente que precede  *  *  * por las razones siguientes:

"1ª. No haberse acreditado que el promovente paga la contribución a título de dueño, pues de la certificación unida al expediente consta que paga la contribución la Sucesión de Agustín Castelló por una finca de dos cuerdas en el barrio de Pedernales de Cabo Rojo, y la que es objeto del mismo compuesta de una cuerda y media y

una cuarta de cuadro, fué adquirida por dicho promovente de doña Asunción Blanch y Camps por la escritura arriba citada en la que consta también que esta señora la adquirió en fecha bastante remota por compra, siendo viuda, a la mercantil 'Patxot, Castelló y Cía.,' representada por su liquidador Agustín Castelló y Busquet, resultando, por tanto, que la finca no aparece amillarada ni paga la contribución por ella a título de dueño el promovente ni ninguno de sus causantes.

"2ª. Porque apareciendo del registro que la finca objeto de dicho expediente contradictorio está inscrita por título de dominio a favor de los mencionados Patxot, Castelló y Cía. del comercio de Mayagüez, no consta que éstos hayan sido citados de acuerdo con el artículo 393 de la Ley Hipotecaria en sus apartados 2 y 3. Y si bien alega el promovente en el escrito inicial que la referida mercantil fué liquidada quedando como liquidador un socio gestor Agustín Castelló a quien se adjudicó la predicha finca por cuya razón basta citar a los que se suponen ser sus causahabientes, digo, herederos y que se mencionan en dicho escrito, no resulta acreditado en este expediente original la muerte del referido Agustín Castelló ni la de su hijo Gerardo Castelló y Camps, ni la cualidad de ser los citados los verdaderos y únicos herederos de aquéllos.

"Y 3ª. porque estando inscrito en el registro el dominio de dicha finca a favor de la mencionada mercantil en virtud de escritura pública, es nula en derecho y no puede producir efectos legales la cancelación de dicha inscripción ordenada por la corte en este caso, toda vez que no lo ha sido en el procedimiento debido con audiencia de la repetida mercantil o de sus derechohabientes, ni tampoco ha sido ordenada por providencia ejecutoria contra la cual no se halle pendiente recurso de apelación, todo a tenor de lo dispuesto en el artículo 82 del mencionado cuerpo legal.''

No conforme Wiscovich, interpuso el presente recurso gubernativo.

La primera cuestión que surge es la de si puede instarse y resolverse un expediente posesorio en la forma y con el alcance que se instó y resolvió en este caso.

Por diversas causas, era lo cierto que cuando se implantó en España el sistema hipotecario que aún rige en Puerto Rico, muchos propietarios carecían de título eficaz para inscribir

en el registro sus derechos, y deseando el legislador que pudieran hacerlo, ideó los expedientes posesorios y de dominio de que tanto uso se ha hecho y se sigue haciendo en esta Isla. Véase la Exposición de Motivos de la Ley Hipotecaria de 1861. 5 Morell, Legislación Hipotecaria, 437.

Dice la ley que "a los propietarios que carecieren de título escrito de dominio, cualquiera que sea la época en que tuviere lugar su adquisición, se les concede la facultad de inscribir su derecho, justificando previamente su posesión ante el juez * * * ." Artículo 390 de la vigente Ley Hipotecaria. Luego señala la misma ley los trámites que deben seguirse en la instrucción del expediente y prescribe en el artículo 393 lo que sigue:

"Art. 393.—Los registradores, antes de inscribir alguna finca o derecho en virtud de las informaciones prescritas en los tres artículos anteriores, examinarán cuidadosamente el registro, para averiguar si hay en él algún asiento relativo al mismo inmueble que pueda quedar total o parcialmente cancelado por consecuencia de la misma inscripción.

"Si hallaren algún asiento de adquisición de dominio o posesión no cancelado que esté en contradicción con el hecho de la posesión justificada por la información judicial, suspenderán la inscripción, harán anotación preventiva si la solicita el interesado, y remitirán copia de dicho asiento al juez que haya aprobado la información.

"El juez, en su vista, y con citación y audiencia de las personas que por dicho asiento puedan tener algún derecho sobre el inmueble, confirmará o revocará el auto de aprobación, dando conocimiento en todo caso de la providencia que recayese al registrador, a fin de que en su vista lleve a efecto la inscripción o cancele la anotación preventiva."

Aplicando estrictamente los anteriores preceptos al caso concreto que consideramos, tendríamos que decidir en primer lugar que teniendo como tiene el peticionario un título escrito de dominio, no está autorizado para acogerse al medio supletorio de que se trata, y que el párrafo segundo del artículo 393 presupone un expediente ya instruído que se lleva

al registro y que se devuelve para que se siga entonces el procedimiento a que se refiere el párrafo tercero del mismo precepto legal.

Pero la jurisprudencia ha ampliado de tal modo el alcance de la Ley Hipotecaria en relación con los expedientes posesorios a los efectos de dar cumplimiento a los propósitos del legislador, que es necesario reconocer que estuvo justificado el peticionario en este caso al presentar su escrito inicial en la forma en que lo hizo. Esta misma corte ha resuelto que las palabras ''título escrito de dominio'' usadas en el artículo 390, *supra,* quieren decir ''título escrito inscribible de dominio,'' y refiriéndose al artículo 402 de la Ley de España, equivalente al 393 de la nuestra, dice Martínez Moreda en el tomo segundo de sus comentarios, páginas 38 y siguientes:

''Dispone el párrafo segundo del artículo 402 que los registradores suspenderán la inscripción de la posesión si hallasen algún asiento de adquisición de dominio no cancelado que *esté en contradicción* con el hecho de la posesión justificada por el expediente judicial.

''Este precepto es una aplicación de los principios capitales que se derivan de los artículos 20 y 77 de la Ley Hipotecaria, consistentes en que nadie puede inscribir un derecho sino recibiéndolo de la persona que lo tenga inscrito, y que la inscripción sólo se extingue en cuanto a tercero por su cancelación o por la inscripción de la transferencia del derecho registrado. En virtud, pues, de esta doctrina general, la ley no puede permitir que se inscriba la posesión de una finca a nombre de distinta persona de la que aparece dueña según el registro.

''Pero el mismo artículo 402 aplica los referidos principios de modo distinto a como generalmente se aplican, pues que no exige ni escritura de cancelación o transferencia, ni ejecutoria, ni declaración de la ley para que el dominio inscrito quede cancelado mediante la inscripción de posesión acreditada en el expediente judicial, sino que es suficiente, según el párrafo tercero, que se dé vista del expediente y de la copia del expresado asiento de dominio a la persona interesada en él o a sus herederos, y si de esta audiencia no resultase que alguno se opusiere, confirmará el juez el auto aprobándolo, pro-

cediéndose después a inscribir la posesión. Como para proceder a la ratificación del auto antes dictado, si no hubiere oposición, no se señalan hoy reglas que especialmente determinen los trámites, se arregla el procedimiento según lo dispuesto para los expedientes de jurisdicción voluntaria.

"Dicho esto, pasamos a contestar la pregunta diciendo que se entenderá que un asiento de dominio contradice el hecho de la posesión en todo caso; porque siempre el interesado en que se inscriba el expediente judicial de posesión es persona distinta del dueño del dominio inscrito, porque es lógico que éste no propusiera la información de lo que ya tiene inscrito.

"Algunos han creído que no hay contradicción cuando consta ser dueño en el registro el mismo de quien el poseedor dice haber adquirido la finca que pretende inscribir a virtud del expediente, y que en ese caso no procede dar audiencia a aquél; pero a esta doctrina se oponen las resoluciones de 30 de enero de 1880 y de 3 de junio de 1881, y con razón, porque de ser así, se daría lugar a fraudes, toda vez que sería posible inscribir una posesión falsa contra el dueño a quien no se oyera.

"En su consecuencia, se puede establecer esta regla general: el registrador, siempre que halle algún asiento de dominio no cancelado en los libros antiguos o modernos a nombre de distintas personas del poseedor, deberá suspender la inscripción pedida, a tenor de lo dispuesto en el párrafo segundo del artículo 402 de la ley. Este principio es aplicable también al caso en que sólo esté hecho el asiento de presentación del título anterior al posesorio que se intente inscribir."

Y Galindo, después de estudiar con amplitud el referido artículo 402, dice:

"Por Res. de 5 Jun. 1893, se ha declarado que dada audiencia en el expediente posesorio a las personas a cuyo favor existan asientos contradictorios a la posesión que se pretenda inscribir, y habiendo manifestado su conformidad, está fielmente observado el artículo 402, y no es preciso que se remita copia de tales asientos al juzgado, puesto que ya fueron oídos los interesados.

"El párrafo 3º. del artículo 402, es aplicable aún en el caso de que se acredite haber fallecido la persona a cuyo favor aparezca inscrito el dominio, porque tal párrafo se refiere no a ella precisamente, sino a los que pudieran tener interés. En este caso se citará a los

herederos personalmente, si son conocidos, y si no por edictos, como dispuso la Res. de 16 octubre 1866, respecto a los ausentes o cuyo paradero se ignore, interesados en un asiento de dominio que impida inscribir la posesión.'' 4 Galindo Legislación Hipotecaria, 620.

Véase también Morell, Legislación Hipotecaria, tomo 5, páginas 448 y siguientes.

En el caso de *Toro* v. *Registrador de Mayagüez,* 25 D. P. R. 472, se decidió que el artículo 393 de la Ley Hipotecaria se contraía a las informaciones posesorias y no era aplicable a las de dominio.

Expuesto lo que antecede, procederemos al examen de las cuestiones concretas suscitadas por el registrador.

La primera se refiere al pago de la contribución. El certificado que se presentó habla de una finca de dos cuerdas, situada en Pedernales, Cabo Rojo. El expediente de una finca de cuerda y media y una cuarta de cuadro, situada en Pedernales, Cabo Rojo. La contribución aparece pagada todavía en 1919 a 1920 a nombre de la Sucesión Agustín Castelló. En el escrito inicial se expone que Wiscovich compró a doña Asunción Blanch en 1920 y en la escritura de venta dice la vendedora que adquirió la finca en 1902 por escritura formalizada en 1920. La compra la hizo a don Agustín Castelló como liquidador de la mercantil Patxot, Castelló y Cía. Parece que hubo un gran abandono explicable por el hecho de que no obstante haberse adquirido la finca en 1902, no se formalizó la escritura de adquisición hasta 1920 y ya no hubo tiempo para variar el nombre del contribuyente en la Tesorería.

Por virtud de lo expuesto, nos inclinamos a creer que no existe el primer defecto apuntado por el registrador.

Veamos los defectos señalados con los números dos y tres. Ambos se refieren a la citación de la persona a cuyo favor aparece hecha la inscripción contradictoria. Creemos que el registrador está en lo cierto. Ya que se ha dado una interpretación tan liberal al artículo 393; ya que se acepta que

el mismo expediente original para acreditar la posesión puede servir para cumplir con los requisitos exigidos para que pueda inscribirse el posesorio no obstante la inscripción anterior contradictoria, es necesario que conste con absoluta claridad el consentimiento de la persona a cuyo favor aparece el referido asiento o que se le citó en forma debida, y aquí no existe tal constancia.

La inscripción en el registro aparece como se ha dicho a favor de Patxot, Castelló y Compañía. En el auto aprobatorio el juez dice que Patxot, Castelló y Compañía fué liquidada por escritura pública en 1889 quedando el socio gestor Agustín Castelló hecho cargo del activo y pasivo de la compañía y por tanto como único representante y liquidador de la misma. Esa escritura no forma parte del expediente ni se presentó al registrador. Parece que el juez siguió en su auto las palabras usadas en su escrito inicial por el peticionario, escrito que ni siquiera está jurado.

Basándose en que Castelló quedó convertido en el único dueño y en que murió, se cita a sus herederos nombrándolos el propio peticionario. No se llevó ante la corte más que la simple afirmación del peticionario en relación con este importante extremo.

Sostiene en su alegato el peticionario que él no está obligado a presentar a la corte la declaración de herederos. Estamos conformes, pero cuando no es posible acreditar cumplidamente al tribunal quiénes son los herederos por tal medio o por otro de igual valor, entonces no puede aceptarse la simple indicación de la parte interesada, sino que debe recurrirse al medio que la ley señala, o sea, a la citación por edictos, lo que no se hizo en este caso.

Por virtud de lo expuesto, debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.