Dimas López Nazario, recurrente, *v.* El Registrador de la Propiedad de Ponce, recurrido.

No. 609.—*Resuelto:* Marzo 11, 1925.

1. Expediente de Dominio—Inscripción—Posesión Inscrita a Favor de un Tercero.—No es inscribible un expediente de dominio cuando la posesión del inmueble se encuentra inscrita a favor de un tercero, aunque éste haya sido citado como anterior dueño para la información de dominio, en la que no se hizo constar la inscripción existente a favor de ese tercero. (*Santiago v. Reg.,* 6: 138, confirmado; *Wiscovich v. Reg.,* 30: 127 y *Porto Rico Leaf v. Reg.,* 17: 228, discutidos.)

Nota de *Planellas,* R, (Ponce), denegando la inscripción de un expediente de dominio. *Confirmada.*

*José Tous Soto,* abogado del recurrente; el recurrido no compareció.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

[1] El Registrador de la Propiedad de Ponce se negó a inscribir un expediente de dominio de un solar con casas porque la posesión del solar está inscrita en sus libros a favor de otra persona.

El caso de *Santiago v. El Registrador,* 26 D. P. R. 138, citado por el recurrido en apoyo de su negativa de inscripción es aplicable al presente caso, pues en él fué negada la

inscripción de dominio de una de las tres parcelas de que se componía la finca objeto del expediente porque su posesión estaba inscrita a favor de distinta persona, y sostuvimos esa negativa de inscripción por la autoridad de los artículos 20 y 82 de la Ley Hipotecaria y por la de varias decisiones nuestras que entonces citamos.

Sostiene sin embargo el recurrente que de acuerdo con nuestra decisión en los casos de *Wiscovich* v. *El Registrador de San Germán,* 30 D. P. R. 127, y de *Porto Rican Leaf Tobacco Co.* v. *El Registrador,* 17 D. P. R. 228, y con la resolución de la Dirección General del Registro de España de 16 de octubre de 1886, 3 D. R. 544, es procedente la inscripción solicitada, porque la persona a cuyo favor está inscrita la posesión, que es Matilde Figueroa, fué citada por medio de su sucesión como anterior dueño de la finca en la información de dominio.

En el caso citado de *Wiscovich* se promovió el expediente posesorio por el motivo de que la finca estaba inscrita a favor de otra persona y se quiso acreditar la posesión y seguir al mismo tiempo el procedimiento establecido por el artículo 393 de la Ley Hipotecaria para casos de existir un asiento contradictorio a la inscripción que se solicita, o sea citando y oyendo a la persona a cuyo favor se halle inscrita la finca, y nosotros aprobamos la conducta seguida por Wiscovich aunque sostuvimos la negativa de inscripción porque estimamos que para que pudiera inscribirse otra posesión no obstante la inscripción anterior contradictoria era necesario que constase con absoluta claridad el consentimiento de la persona a cuyo favor aparecía el referido asiento o que se le citó en forma debida, cuyas constancias no existían en dicho caso. El caso a que acabamos de referirnos no es aplicable al presente pues en éste no se hizo constar como en aquel que había un asiento contradictorio a favor de Matilde Figueroa de modo que su sucesión pudiera oponerse por este motivo a la declaración de posesión ni se acordó

la cancelación de la inscripción contradictoria y se promovió solamente un expediente corriente de dominio en el que se solicitó la citación únicamente como anteriores dueños, sin que se acomodara también al procedimiento del artículo 393 de la Ley Hipotecaria.

El caso de *Porto Rican Leaf Tobacco Co.*, *supra*, tampoco es aplicable porque según se resume en su *syllabus*, la circunstancia de haberse citado en una información de dominio a las personas de quienes hubo la finca el promovente, y por edictos a todas las demás a quienes pudiera perjudicar la inscripción de dominio solicitada, sin que nadie se hubiera presentado a hacer oposición alguna, no es motivo suficiente para que pueda ser privado de su derecho aquel que tenga inscrita a su favor la posesión de la misma finca, y no resulte haber sido citado expresamente en el expediente de información de dominio, a menos que hubiere prestado para ello su asentimiento expreso, o que hubiere sido oído y vencido en juicio, por lo que en el caso presente no basta con que la Sucesión de Matilde Figueroa haya sido citada como representante de la anterior dueña de la finca. Además, ni siquiera se consignan los nombres de las personas que componen la sucesión de Matilde Figueroa por lo que no puede saberse por la sentencia declarando justificado el dominio quiénes constituyen la expresada sucesión.

La resolución de España que se cita tampoco es aplicable al caso presente, pues sólo se refiere a que la citación por edictos es eficaz cuando los que hayan de ser notificados se hallen ausentes o sean desconocidos.

*La nota recurrida debe ser confirmada.*