Pedro Figueroa Ruíz, recurrente, v. El Registrador de la Propiedad de Guayama, recurrido.

No. 617.—*Sometido:* Junio 15, 1925. *Resuelto:* Junio 19, 1925.

1. Expediente de Dominio—Inscripción—Calificación del Título—Apreciación de la Prueba.—Presentado un expediente de dominio para su inscripción, el registrador no puede ir contra la apreciación de la prueba del tribunal sentenciador.

2. Expediente de Dominio—Inscripción—Posesión Inscrita a Favor de un Tercero.—No es inscribible un expediente de dominio cuando la posesión del inmueble se encuentra inscrita a favor de un tercero, aunque éste haya sido citado como anterior dueño para la información de dominio, en la que no se hizo constar la inscripción existente a favor de ese tercero. (*López v. Registrador,* 34: 31, confirmado.)

Nota de *R. B. Pérez Mercado,* R. (Guayama), denegando inscripción de un expediente de dominio. *Confirmada.*

C. *Domínguez Rubio,* abogado del recurrente; el registrador compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Guayama cierta sentencia declaratoria de dominio dictada en un expediente tramitado siguiendo el procedimiento autorizado por la Ley Hipotecaria, el registrador se negó a ello, 1, porque existía contradicción entre la parte expositiva de la sentencia y su parte declarativa, y 2, porque se encontraba previamente inscrita la posesión de la finca a favor de Fruto Picar sin que constara que en el expediente incoado se solicitara y decretara la cancelación de la inscripción posesoria, ni que Picar fuera notificado de tal pretensión.

[1] El estudio del primer motivo lleva consigo el de las facultades de los registradores para calificar las resoluciones judiciales.

Hemos examinado las razones que expone en su nota el registrador para establecer la contradicción y que amplía en su alegato y en verdad que son dignas de consideración. Las cortes de distrito deben ser muy cuidadosas en las de-

claraciones de dominio especialmente cuando puedan estar envueltos derechos sucesorios o intereses de incapacitados. Pero de acuerdo con la jurisprudencia repetidamente establecida por esta corte, el registrador fué más allá del círculo de sus atribuciones y en tal virtud no cabe resolver en su fondo la cuestión suscitada dentro de este recurso gubernativo.

Si una corte de distrito comete error al aprobar una información de dominio, resolvió esta Corte Suprema en *Ramírez* v. *Registrador*, 16 D.P.R. 348, no puede decidirlo el registrador, sino la autoridad judicial en el juicio correspondiente. En *López* v. *Registrador*, 15 D.P.R. 731, se decidió que declarado justificado el dominio de ciertas fincas a favor del promovente por una corte de distrito y presentada la sentencia para su inscripción en el registro, el registrador tiene facultad para calificar dicha sentencia, pero no para impugnar la apreciación de las pruebas hechas por la corte, ni los fundamentos que ésta tuvo para dictarla. Y en *Hernández* v. *Registrador*, 16 D.P.R. 464, que un registrador no tiene facultades para denegar la inscripción de una sentencia de dominio fundándose en que en el expediente no se expresa el tiempo de posesión del causante, dictada por tribunal competente y en virtud de las pruebas practicadas en el mismo.

Claro es que si de la sentencia de dominio se desprendiera la falta de jurisdicción de la corte para dictarla o que no se había cumplido con alguno de los requisitos esenciales exigidos por la ley en la tramitación del expediente, el registrador hubiera tenido facultades para negar la inscripción, pero aquí, como en los casos que dejamos citados, no se trata de eso, sino de una sustitución de juicio. El registrador actuó como si fuera una corte de apelación al decidir, en contra de lo resuelto por la corte de distrito, que dados los antecedentes del caso consignados en la parte que llama expositiva de la sentencia, no podía concluirse que el peticionario no adquirió parcelas determinadas de la finca

de que se trata, sino condominios.   Bien o mal, la conclusión de la corte se basó en las pruebas ante ella practicadas y sobre esa apreciación no puede ir el registrador.

Parece conveniente citar lo que sigue de la opinión de esta corte emitida por el Juez Asociado Sr. Aldrey en el caso de *Fernández* v. *Registrador,* 17 D.P.R. 1061, 1062:

"El párrafo segundo del artículo 18 de la Ley Hipotecaria confiere a los registradores de la propiedad la facultad de calificar todos los documentos expedidos por autoridad judicial, y como consecuencia de ella, pueden calificar si el juez era competente por razón de la materia, la naturaleza y efectos de la resolución judicial; si ésta se dictó en el juicio correspondiente; si en él se observaron los trámites y preceptos esenciales para su validez y si la resolución judicial contiene todas las circunstancias que según la Ley Hipotecaria son necesarias para que pueda practicarse la inscripción.

"Sin embargo, la facultad concedida por ese precepto, no se extiende a apreciar los fundamentos de tales resoluciones, o sea la justicia o injusticia intrínseca de las mismas; y el apreciar si la prueba fué o nó suficiente conduciría a estimar si la resolución fué justa o nó.

"La facultad de apreciar el valor de la prueba es sólo incumbencia de los tribunales de justicia."

[2]  El segundo motivo está bien fundado.   Basta citar lo resuelto recientemente por esta Corte Suprema en *López Nazario* v. *Registrador,* 34 D.P.R. 31.   Copiando del resumen, es como sigue:

"No es inscribible un expediente de dominio cuando la posesión del inmueble se encuentra inscrita a favor de un tercero, aunque éste haya sido citado como anterior dueño para la información de dominio, en la que no se hizo constar la inscripción existente a favor de ese tercero. (Santiago v. Reg., 6: 138, confirmado; Wiscovich v. Reg., 30: 127 y Porto Rico Leaf v. Reg., 17: 228, discutidos.)".

En tal virtud, por el segundo de sus fundamentos, *debe confirmarse la nota recurrida.*