CARMEN ALARCÓN SUÁREZ, MANUEL MENDÍA MORALES, OLIMPIA Y MARÍA JARQUE FERRERO Y AGUSTÍN PENA PACHECO, recurrentes, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 627.—*Sometido:* Enero 22, 1926. *Resuelto:* Febrero 9, 1926.

EXPEDIENTES POSESORIOS— INSCRIPCIÓN— ASIENTOS CONTRADICTORIOS— CANCELACIÓN—DOMINIO INSCRITO A FAVOR DE TERCERO.—Procede inscribir un expediente posesorio y cancelar un asiento contradictorio al mismo existente en el registro, cuando el expediente se tramita de acuerdo con la ley y habiéndole dado a la persona a favor de la cual figura el asiento la debida oportunidad de ser oída, nada alega en contrario.

NOTA de *Tirado*, R. San Juan (Sección Primera), denegando inscripción de expediente posesorio y de resolución judicial decretando cancelación de inscripción contradictoria. *Revocada ordenándose la cancelación.*

*Francisco Socorro,* abogado de los recurrentes; el registrador compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Carmen Alarcón y otros acudieron a la Corte de Distrito de San Juan y tramitaron con éxito un expediente para acreditar la posesión de la casa No. 51 de la calle de San Justo de esta ciudad de San Juan, obteniendo además que la corte decretara la cancelación de una inscripción contradictoria de la propia casa existente en el registro. El registrador se negó a inscribir la resolución de la corte por entender que no se había seguido el procedimiento adecuado para la cancelación y de su negativa es que se ha recurrido para ante este tribunal.

Para formar una idea exacta del caso, conviene transcribir lo que sigue de la resolución judicial de que se trata:

"POR CUANTO, con fecha doce de noviembre del corriente año, esta Corte dictó una orden disponiendo que se oyera la información ofrecida por los promoventes y se citara para ella con audiencia del Fiscal del Distrito a los dueños de los predios colindantes de la finca objeto de la información, y se citaran también a don Antonio María de la Huerta y doña Mercedes Escalona Escalera, o sus herederos desconocidos designados por Richard Goe y John Doe, por medio de edictos que se publicarían en un periódico de general circulación de esta Isla, una vez por semana durante el término de treinta días para que comparezcan a la referida información y pudieran oponerse a la pretensión de los promoventes si vieren convenirles, librándose al efecto las correspondientes cédulas y edictos."

"POR CUANTO, según resulta del diligenciamiento de la cédula de citación expedida por el Secretario de esta corte, con fecha treinta del mes de noviembre último fueron citados personalmente para la información ofrecida los dueños de los predios colindantes don Patricio Blasco, doña Carlota García y doña Salvadora Coy así como el Alcalde Municipal de San Juan.

"POR CUANTO, según resulta del affidavit número mil doscientos treinticuatro de fecha tres del corriente mes, suscrito por el notario Miguel García González, el edicto citando a don Antonio María de la Huerta y doña Mercedes Escalona Escalera o sus herederos desco-

nocidos designados por Richard Goe y John Doe fué insertado y publicado en el periódico El Imparcial que se edita en esta ciudad de San Juan, los días trece, diez y seis, veintitrés y treinta de noviembre del corriente año.

"POR CUANTO previo señalamiento en el calendario especial de asuntos civiles, la vista de este caso para oir la información ofrecida tuvo lugar el día diez y ocho del corriente mes con asistencia únicamente del abogado de los promoventes en cuyo acto previo juramento prestado en forma legal, declararon en Corte abierta los testigos Francisco Mendía y Francisco Alamo Armas, vecinos de esta ciudad, justificando su condición de propietarios de bienes inmuebles con los respectivos recibos del Departamento de Tesorería de esta Isla creditivos del pago de contribución por sus propiedades inmuebles sitas en esta ciudad; declarando también constarles a ambos de ciencia propia que los promoventes de este caso se hallan poseyendo a título de dueños, pública y pacíficamente, sin interrupción alguna, la finca objeto de esta información desde el año mil novecientos catorce.

"POR CUANTO de la prueba documental ofrecida por los promoventes resulta acreditado cumplidamente; que el inmueble objeto de esta información, como casa terrera, se halla inscrito en el Registro de la propiedad con fecha diez y ocho de mayo de mil ochocientos ochenta y nueve, al folio noventa y ocho del tomo veintisiete de San Juan, finca número mil ciento doce, inscripción primera a favor de don Antonio María de la Huerta en virtud de escritura pública otorgada en San Juan el veintiocho de marzo de mil ochocientos setenta, cuya inscripción se halla aún vigente según certificación presentada en evidencia expedida por el Registrador de la propiedad de San Juan, Sección Primera, con fecha diez y seis del corriente mes de diciembre; que doña Mercedes de la Huerta Escalona y don Antonio José de la Huerta González por escritura número seiscientos cuatro otorgada en Valladolid, España, el treinta de octubre de mil novecientos ocho vendieron la relacionada finca, siendo casa terrera, a don Anacleto Agudo, habiéndola adquirido los vendedores por donación que les hiciera doña Mercedes Escalona Escalera, siendo ya viuda de don Antonio María de la Huerta, por escritura de fecha cinco de febrero de mil novecientos ocho, otorgada en Valladolid, España, ante el notario Luis Ruiz de Huidobre García de los Ríos: que don Anacleto Agudo, por escritura de fecha veinticinco de mayo de mil novecientos nueve, otorgada en esta ciudad ante el notario Damián Monserrat vendió la casa de referencia, siendo terrera, a don Joaquín Jarque Lasso; y que habiendo fallecido éste el once

de enero de mil novecientos catorce, por escritura número veintinueve de fecha treinta de noviembre de mil novecientos veintitrés,
otorgada en esta ciudad ante el notario Pedro G. Quiñones sobre
partición de los bienes relictos al óbito de dicho Jarque Lasso, se
adjudicó a los promoventes en pago de sus respectivos haberes, en
la proporción anteriormente expresada, la finca objeto de esta información: que los referidos promoventes como componentes de la Sucesión de don Joaquín Jarque Lasso tienen amillarada a su favor la
finca de referencia, y vienen pagando al Tesoro Insular las contribuciones impuestas sobre dicho inmueble, según así resulta de la certificación presentada en evidencia, expedida por el Tesorero de Puerto
Rico con fecha diez y seis de noviembre del corriente año.

''POR CUANTO no ha sido formulada ninguna oposición a la pretensión deducida por los promoventes, ni han comparecido para ser
oídos, don Antonio María de la Huerta, doña Mercedes
Escalona Escalera, ni sus herederos desconocidos designados por
Richard Goe y John Doe no obstante haber sido citados por edictos
en forma legal, por ignorarse su paradero o domicilio.

''POR CUANTO, unido al expediente el récord taquigráfico y dada
audiencia del mismo al Fiscal del Distrito, éste dictamina en sentido
de no oponerse a la aprobación de la información practicada.

''POR CUANTO en la tramitación de este expediente se han observado las formalidades legales.

''POR TANTO, la Corte, vistos los artículos 390, 391, 392 tal como
ha sido enmendado por ley número 20 de 7 de julio de 1923, y 393
de la Ley Hipotecaria concordantes con los 436 al 441 del Reglamento para su ejecución, la jurisprudencia establecida por el Tribunal Supremo de esta Isla en los casos de Porto Rican Leaf Tobacco
Company vs. Registrador, 17 D.P.R. 228; Toro vs. Registrador, 25
D.P.R. 472; Viscovich vs. Registrador, 30 D.P.R. 127; López Nazario vs. Registrador, 34 D.P.R. 31; y Resoluciones de la Dirección
de los Registros de España de 5 de junio de 1893 y 16 de octubre
de 1886, aprueba cuanto ha lugar en derecho la información ofrecida
y practicada en este caso, decreta y ordena la cancelación de la inscripción primera de la finca antes relacionada número mil ciento
doce, extendida con fecha diez y ocho de mayo de mil ochocientos
ochenta y nueve, en el Registro de la propiedad al folio noventa y
ocho del tomo veintisiete del Ayuntamiento de San Juan, a favor de
don Antonio María de la Huerta, y ordena y decreta, en su consecuencia, que la posesión de la finca relacionada al principio de esta
resolución, se inscriba en el Registro de la Propiedad de San Juan,
Sección Primera, a favor de los promoventes Carmen Alarcón Suá

rez, Manuel Mendía Morales, Olimpia Jarque Ferrero, Agustín Pena Pacheco y María Jarque Ferrero en la proporción antes referida, sin perjuicio de tercero de mejor derecho a su propiedad, librándose para todo ello al Registrador de la propiedad referido la correspondiente certificación de esta resolución que servirá de mandamiento en forma.''

Basta leer los anteriores hechos para concluir que el caso cae de lleno dentro de los principios establecidos en el de *Wiscovich* v. *Registrador de San Juan,* 30 D.P.R. 127, a saber:

''Cuando la posesión o el dominio de una finca consta inscrito en el registro a favor de una persona distinta del actual poseedor· y a éste le es imposible, difícil o costoso adquirir de ella un título escrito inscribible, dicho actual poseedor puede recurrir al medio supletorio que fija el art. 390 de la Ley Hipotecaria, debiendo seguirse en tal caso desde el principio el procedimiento fijado en el art. 393 de la indicada ley.

''En tal caso debe citarse a la persona a cuyo favor aparece hecho el asiento contradictorio, y si·ha muerto, a sus herederos. Cuando no se.puede acreditar debidamente quiénes son éstos para citarlos personalmente, debe citárseles por medio de edictos.''

El caso de *Canino* v. *El Registrador de San Juan,* 31 D. P.R. 434 que cita el registrador en apoyo de su nota, no sostiene la negativa. Al contrario. Por dicho caso en realidad de verdad lo que se hizo fué extender la doctrina establecida en relación con los expedientes posesorios a los expedientes de dominio, decidiéndose que dentro de la tramitación del propio expediente de dominio puede obtenerse.la cancelación de un asiento contradictorio. La cita de Morell contenida en el caso de *Canino, supra,* pág. 439, que es la que sirve de base al razonamiento del registrador no es aplicable. Aun cuando se aceptara la distinción que establece dicho comentarista para el caso de que el asiento contradictorio sea de posesión y para aquel en que lo sea de dominio, habría que concluir que aquí era imposible que se ''oyera precisamente'' a la persona a cuyo favor constaba el asiento, porque el paradero de tal persona se ignoraba.

De acuerdo con la ley y la jurisprudencia se dió a dicha persona o a sus herederos la oportunidad de ser oídos recurriendo al medio de la citación por edictos.

*Debe revocarse la nota y ordenarse la cancelación y la inscripción solicitadas.*