BUENAVENTURA ESTEVES, recurrente, *v.* EL REGISTRADOR DE
AGUADILLA, recurrido.

No. 660.—*Sometido:* Noviembre 13, 1926. *Resuelto:* Noviembre 23, 1926.

EXPEDIENTES DE DOMINIO—ASIENTOS CONTRADICTORIOS EN EL REGISTRO—SU CANCELACIÓN DENTRO DEL EXPEDIENTE—REQUISITOS PARA DECRETARLA—INSCRIPCIÓN A FAVOR DE HOMBRE CASADO, CUYA ESPOSA, SEGÚN EL REGISTRO, HA FALLECIDO.—Para poder decretar, dentro de un expediente de dominio la cancelación de una inscripción posesoria hecha a favor de un hombre casado, cuya esposa, según el registro, había fallecido, la sola citación del viudo no es bastante; es necesario citar además personalmente a los herederos de la esposa y, si son desconocidos, acreditar tal hecho y recurrir al medio de la citación por edictos.

NOTA de *William J. Santos,* R. (Aguadilla), negándose a cancelar

inscripción posesoria que se solicitó y decretó dentro de un expediente de dominio. *Confirmada.*

El recurrente y *El Registrador* recurrido comparecieron por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Buenaventura Esteves instó en la Corte de Distrito de Aguadilla un expediente para acreditar el dominio de dos fincas rústicas, una de diez y seis cuerdas y otra de dos. Solicitó además dentro del expediente que se ordenara la cancelación de las inscripciones posesorias de dichas fincas en el registro. Tramitado el expediente, la corte, por auto de 22 de septiembre último, decretó el dominio y ordenó la cancelación en la forma solicitada.

Esteves presentó el auto en el registro y el registrador lo cumplió en cuanto a la finca de diez y seis cuerdas y se negó a cancelar la inscripción posesoria y por consiguiente a inscribir el dominio de la finca de dos cuerdas porque a su juicio no se siguió en el expediente el procedimiento marcado por la ley. No conforme Esteves interpuso el presente recurso gubernativo.

Según el registro la inscripción posesoria de la finca de dos cuerdas está hecha a favor de Víctor P. Martínez, casado con Milagros de los Ríos y Avila, fallecida después. Según el auto el recurrente Esteves adquirió la finca de cierta persona que a su vez la obtuvo por adjudicación en pago de sentencia dictada en contra de dicho Víctor P. Martínez. En relación con la cancelación consta del auto que ''fueron citados personalmente los anteriores dueños presentes y, por medio de edictos . . . . los herederos o causahabientes de los anteriores dueños fallecidos o ausentes . . . .'' y el registrador sostiene que ello no es bastante porque el auto ''no expresa que la finca está inscrita a nombre de Víctor P. Martínez, casado con doña Milagros de los Ríos Avila, ni que ésta ha fallecido,'' no pudiendo, por tanto, llegarse a la conclusión de que los causahabientes de la esposa fallecida fueran notificados.

A nuestro juicio tiene razón el registrador.

En el caso de *López* v. *Registrador,* 34 D.P.R. 31, 32, esta corte se expresó así:

"En el caso citado de *Wiscovich* (30 D.P.R. 127) se promovió el expediente posesorio por el motivo de que la finca estaba inscrita a favor de otra persona y se quiso acreditar la posesión y seguir al mismo tiempo el procedimiento establecido por el artículo 393 de la Ley Hipotecaria para casos de existir un asiento contradictorio a la inscripción que se solicita, o sea citando y oyendo a la persona a cuyo favor se halle inscrita la finca, y nosotros aprobamos la conducta seguida por Wiscovich aunque sostuvimos la negativa de inscripción porque estimamos que para que pudiera inscribirse otra posesión no obstante la inscripción anterior contradictoria era necesario que constase con absoluta claridad el consentimiento de la persona a cuyo favor aparecía el referido asiento o que se le citó en forma debida, cuyas constancias no existían en dicho caso."

¿Basta que se citara a Víctor P. Martínez, como sostiene el recurrente que se citó? Si su esposa no hubiera fallecido, su citación hubiera sido suficiente, pero habiendo fallecido, su sola citación no es bastante. Al disolverse el matrimonio por la muerte de la esposa, la presunción es que Víctor P. Martínez sólo era dueño de la mitad de la finca, pasando la otra mitad a los herederos de la esposa.

¿Basta la citación general a que el auto se refiere? Entendemos que no. La jurisprudencia de esta corte ha tendido a facilitar la cancelación de asientos contradictorios, pero no puede llegar al extremo de prescindir de que la citación o notificación se haga de tal manera que pueda concluirse que se dió una verdadera oportunidad al que aparece con su derecho inscrito en el registro para oponerse.

Del registro constaba el fallecimiento de la esposa y por lo tanto que sus herederos eran los dueños de su participación. Si no se sabía quiénes eran esos herederos para poderlos citar personalmente, debió haberse acreditado el hecho en el expediente para que la corte hubiera podido ordenar su citación por edictos.

*Debe confirmarse la nota recurrida.* .

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.