OLIMPIO OTERO FIGUEROA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

Núm. 1176.—*Sometido:* Noviembre 27, 1945. *Resuelto:* Diciembre 5, 1945.

*Andrés Mena Latorre,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En una solicitud radicada ante la Corte de Distrito de Caguas, Olimpio Otero Figueroa alegó ser dueño y poseedor

en pleno dominio de una finca de cinco cuerdas, la cual adquirió por compra a Antonio Agostini, quien a su vez la hubo por compra a El Pueblo de Puerto Rico, en subasta pública para el cobro de contribuciones. Alegó el promovente, que los anteriores dueños de la finca fueron, por más de 20 años, los esposos Elías Pérez Fernández y Francisca Collazo, quienes fallecieron desde hacía más de cinco años; que todos los dueños de la finca han residido siempre en Puerto Rico; y que la finca ha sido poseída entre unos y otros dueños por más de 20 años, pública y pacíficamente, sin interrupción alguna, de buena fe y con justo título.

Admitida la información, se citó por medio de edictos a los anteriores dueños, o sea a Antonio Agostini y "a los herederos legales sucesores o causahabientes desconocidos de Elías Pérez Fernández y Francisca Collazo". En septiembre 17 de 1943 la Corte de Distrito dictó su resolución declarando justificado el dominio de la finca y ordenando su inscripción en el Registro de la Propiedad de Guayama. Negóse el Registrador a practicar la inscripción, consignando sus razones en la siguiente nota:

"Denegada la inscripción de la resolución de dominio que precede, porque la posesión de la finca objeto de dicha información, figura inscrita en el Registro a nombre de Elías Pérez Fernández, y no se decreta en dicha resolución la cancelación de la inscripción contradictoria existente a favor de dicho señor, etc."

Alega el recurrente que el Registrador erró al negarse a practicar la inscripción y al no cancelar de oficio la alegada inscripción contradictoria a nombre de los anteriores dueños, por cuanto del mismo expediente de dominio aparece que los anteriores dueños, Elías Pérez Fernández y su esposa, fallecieron, y que sus herederos o causahabientes desconocidos fueron citados por edictos.

Es cierto que este Tribunal ha resuelto que dentro de la tramitación de un expediente de dominio puede obtenerse la cancelación de un asiento contradictorio. Pero, para

que pueda ordenarse la cancelación, es necesario que se cite a la persona que tiene inscrita la posesión a su nombre, o a sus herederos o causahabientes, requiriéndoles expresamente para que comparezcan ante la corte a consentir la cancelación, bajo apercibimiento de que si no comparecen a oponerse dentro del término legal, se decretará por la corte la cancelación de los asientos posesorios y se ordenará la inscripción del dominio a nombre del promovente. *Canino* v. *Registrador,* 31 D.P.R. 434 y *Alarcón* v. *Registrador,* 35 D. P.R. 41. Véanse: *López* v. *Registrador,* 34 D.P.R. 31 y *Figueroa* v. *Registrador,* 34 D.P.R. 349.

En el auto presentado al registro no se hace constar la existencia del asiento contradictorio, ni tampoco que los herederos o causahabientes de los anteriores dueños fueran notificados de la cancelación. *Cf. Cerdá* v. *Ossorio,* ante pág. 336. Tampoco se ordena al Registrador que practique la cancelación. Y sin esa orden el registrador carece de autoridad para practicarla.

*La nota recurrida será confirmada.*