Sucesión de Medina, Recurrente, *v.* El Registrador de
Guayama, Recurrido.([1])

Recurso gubernativo interpuesto contra nota del Registrador
de la propiedad de Guayama, denegando la inscripción de
un expediente de dominio.

No. 373.—Resuelto en marzo 13, 1919.

Inscripción — Dominio — Asiento Contradictorio. — No es inscribible en el re-
gistro de la propiedad la declaración de dominio, dictada por tribunal compe-
tente, de bienes cuyo dominio aparece ya inscrito a favor de distinto dueño.
Expediente de Dominio—Expediente Posesorio.—El artículo 393 de la Ley Hi-
potecaria se contrae a las informaciones posesorias y no hay en la ley pre-
cepto alguno que lo haga extensivo a las informaciones de dominio.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. C. Domínguez Rubio.

El registrador recurrido, Sr. Pedro Gómez Lasserre, no
compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tri-
bunal.

Por resolución de 15 de mayo de 1918 recaída en una in-
formación de dominio la Corte de Distrito de Guayama de-
claró que la Sucesión de Moderado Medina había justificado
el dominio de éste en cierta finca de 79 cuerdas radicada en
el barrio de Montellano del término municipal de Cidra que
compró en 15 de julio de 1911 al presidente de la corpora-
ción Cidra Land Company. En la resolución se hace constar
que la solicitud alegaba que el documento escrito de adqui-
sición no es título inscribible y que se ignoraba si la enti-
dad vendedora existía, así como el paradero del presidente
que vendió a nombre de la sociedad.

Presentada esa resolución en el Registro de la Propie-
dad de Guayama para que se verificara la inscripción de la
finca a favor de Moderado Medina, el registrador la negó

---

[1] Este caso fué resuelto primeramente en julio 27, 1918, desestimándose el recurso
por no haberse presentado el documento que tuvo ante sí el registrador al hacer la inscrip-
ción o anotación solicitada. En noviembre 11, 1918, se declaró con lugar moción de recon-
sideración eximiendo al peticionario de los efectos de la sentencia dictada, permitiéndose
que el documento acompañado a la moción forme parte de los autos.

fundándose en primer término en que en el registro aparece inscrita a favor de la corporación Cidra Land Company una finca de igual cabida y cita en el mismo barrio, que es la misma descrita en la información de dominio, aunque con distintas colindancias, que se identifica además por la serie de adqüisiciones que se citan en la resolución, que corresponde exactamente con las que aparecen del registro.

Para tener ante nosotros los mismos hechos que el registrador le pedimos que nos enviase certificación literal de los asientos de la finca a que se refiere en ese motivo de su negativa de inscripción y habiéndola recibido y examinado llegamos a la conclusión de que la finca a que se refiere la declaración de dominio como adquirida por Moderado Medina en 15 de julio de 1911 por compra al presidente de la corporación Cidra Land Company es la misma cuyo dominio tiene inscrito dicha corporación y que su presidente vendió en dicha fecha a Pedro Moderado Medina por escritura pública cuya inscripción negó el registrador en el año 1916 por no acreditarse el acuerdo y la autorización que para verificarla concediera al presidente de la corporación la junta de sus directores.

En verdad, la parte recurrente no insiste en que se trate de diversas fincas pero sostiene que siendo la cadena de títulos del informativo de dominio la misma que resulta del registro y habiendo sido citadas todas las personas que la forman y seguido los trámites legales en el expediente de dominio, no debió el registrador negar la inscripción por estar limitada su misión a inscribir lo que se le ordenaba por la corte, sin revisar los fundamentos, pruebas y motivos que tuvo el juez para declarar el dominio y ordenar la inscripción, y que no se solicita que se cancele la inscripción a favor de la corporación, ni la corte la ordena.

La cuestión, pues, suscitada por ese motivo de negativa de inscripción es si a pesar de estar inscrito el dominio de la finca a favor de la corporación Cidra Land Company debe el registrador inscribirla a favor de Moderado Medina

porque el juez de distrito declaró justificado el dominio de esa finca a su favor en una información tramitada con ese objeto.

Dispone el artículo 77 de la Ley Hipotecaria que las inscripciones no se extinguen en cuanto a tercero sino por su cancelación o por la inscripción de la transferencia del dominio o derecho real inscrito a favor de otra persona; el 82 dispone, entre otras cosas, que las inscripciones o anotaciones preventivas, hechas en virtud de escritura pública, no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de casación o por otra escritura o documento auténtico en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiese hecho la inscripción o anotación o su causahabiente o representantes legítimos; y el 83 que si constituída la inscripción o anotación por escritura pública procediere su cancelación y no consintiere en ella aquel a quien ésta perjudique, podrá el otro interesado demandarlo a juicio declarativo.

Aunque la declaración de dominio aprobada por el juez no ordena la cancelación de la inscripción de dominio de la corporación Cidra Land Company, ni los recurrentes la solicitan del registrador, sin embargo como el dominio de la finca no puede estar inscrito en el registro de la propiedad a favor de más de una persona, si se hiciera la inscripción que los recurrentes pretenden a nombre de su padre el efecto sería el de quedar cancelada de derecho la inscripción anterior de la citada corporación, sin haberla vencido en un juicio declarativo en que se justificase que había perdido su dominio por venta válida que de él hiciera su presidente. Lo que se trata de conseguir con la inscripción que se pretende es la inscripción de una trasmisión por venta sin justificar la autoridad que tuvo el presidente de la corporación citada para verificarla, como debió haberse hecho cuando por ese motivo el registrador negó la inscripción de la escritura pública de 15 de julio de 1911.

Pero aunque el Juez hubiera ordenado la cancelación de la inscripción de dominio de la corporación Cidra Land Company, como se decretó en el caso de *Toro* v. *El Registrador de Mayagüez,* 25 D. P. R. 474 por haber aplicado los trámites del artículo 393 de la Ley Hipotecaria, no procedería hacerse la cancelación porque, como entonces dijimos, citando el caso de *Porto Rico Leaf Tobacco Co.* v. *El Registrador de la Propiedad,* 17 D. P. R. 228, el artículo 393 se contrae a las informaciones posesorias y no hay en la ley precepto alguno que lo haga extensivo a las informaciones de dominio y porque la inscripción no podrá llevarse a efecto sin la cancelación del asiento de dominio existente. *Ginorio* v. *El Registrador,* 2 S. P. R. 579 y *Colón* v. *El Registrador de Caguas,* 24 D. P. R. 770.

La resolución de la Dirección de los Registros de la Propiedad de España de 4 de enero de 1900 que cita la sucesión recurrente en apoyo de su pretensión de que se inscriba la información de dominio no es aplicable a este caso porque fué dictada como consecuencia de un pleito declarativo en el que se resolvió a quién correspondía el dominio.

No siendo, pues, inscribible el expediente de dominio aprobado en el caso que resolvemos es innecesario que consideremos y resolvamos los otros motivos de la negativa de inscripción.

Por la razón expuesta debe ser confirmada la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.