CANINO, RECURRENTE, *v*. EL REGISTRADOR DE SAN JUAN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de un expediente de dominio.

No. 541.—Resuelto en febrero 1, 1923.

EXPEDIENTE DE DOMINIO—CANCELACIÓN DE UN ASIENTO CONTRADICTORIO DE POSESIÓN.—En la tramitación de un expediente de dominio puede obtenerse la cancelación de un asiento contradictorio de posesión sin que sea necesario acudir al procedimiento que determina el artículo 393 de la Ley Hipotecaria, siempre que en el expediente de dominio fueren citados los interesados o sus causahabientes a quienes la cancelación pudiera perjudicar.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. H. Torres Solá.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

En 28 de febrero de 1922 la Corte de Distrito de San Juan, Distrito Segundo, dictó resolución declarando justificado a favor de Manuel de Jesús Canino y Jiménez el pleno dominio de tres fincas rústicas y ordenó sus inscripciones en el registro de la propiedad.

La posesión de dichas fincas, que se describen en la resolución de la corte inferior, marcadas con las letras "a", "b" y "c", se encuentra inscrita en el registro de la propiedad, las de las letras "a" y "c" a nombre de Domingo Santo Domingo y la de la letra "b," una mitad, a nombre de Francisco Quiñones O'Neill, y la otra mitad, a nombre del recurrente Manuel de Jesús Canino.

Las fincas señaladas con las letras "a" y "c" fueron adquiridas por el promovente, a título de compra, según resulta de la resolución de la corte inferior, de los herederos o causahabientes de aquellas personas que de acuerdo con el registro aparece inscrita a su favor la posesión de las mismas, y la finca "b" la adquirió asimismo una mitad por com-

pra a Francisco Quiñones O'Neill y la otra mitad a los herederos del último, a cuyo nombre está inscrita la posesión de dicha finca.

En la tramitación del expediente, el promovente solicitó y la corte inferior acordó citar en representación de los anteriores dueños fallecidos que tenían inscrita la posesión de las fincas a su nombre, a los herederos o causahabientes de dichos anteriores dueños, y a quienes se les citó no solamente en el carácter de sus únicos y universales herederos, según reza la resolución de la corte, sino en su carácter de herederos y representantes de las personas a cuyo nombre existen las inscripciones posesorias de las fincas habiéndoseles hecho esta última citación requiriéndoles expresamente para que comparecieran ante la corte inferior a consentir la cancelación que solicitó el promovente de las inscripciones posesorias de dichas fincas, bajo apercibimiento de que si no comparecían a oponerse a la cancelación de las inscripciones en el término de sesenta días se decretaría por la corte la cancelación de los asientos posesorios y se ordenaría la inscripción del dominio a nombre del promovente Manuel de Jesús Canino.

De la resolución de la corte resulta que las personas citadas no comparecieron en forma alguna dentro del término que les fué señalado a oponerse a la cancelación solicitada, y la corte inferior decretó la referida cancelación de las inscripciones de posesión de las fincas objeto de este recurso.

Presentada al registro de la propidad la indicada resolución de fecha 28 de febrero de 1922, el registrador denegó su inscripción por los motivos que se consignan en la siguiente nota, que dice:

"DENEGADA la inscripción del precedente documento, porque las inscripciones posesorias relacionadas, como asientos contradictorios que son a este dominio, no puede ordenarse en procedimiento *ex parte,* sino en el contradictorio que corresponde con citación y audiencia de las partes perjudicadas, o por rebeldía de las mismas, acreditado

suficientemente; y tomada en su lugar anotación preventiva por el término legal al folio 195 del tomo 55 Río Piedras, finca No. 2385, anot. A.''

No conforme con la calificación del registrador, el recurrente ha interpuesto el presente recurso que es objeto de nuestro estudio y consideración.

La contención del registrador en su alegato es que como las inscripciones posesorias que existen en el registro son contradictorias al dominio que se solicita inscribir, no han podido cancelarse aquellas inscripciones en un procedimiento *ex parte* sin el consentimiento expreso de las personas a cuyo favor están vigentes o de sus causahabientes, o como el resultado de un pleito ordinario en el que las referidas personas fueran vencidas en juicio.

El registrador cita, además, en apoyo de su razonamiento el caso de *Toro Santalís* v. *Registrador,* 25 D. P. R. 472. En este caso se declara que el artículo 393 de la Ley Hipotecaria se contrae a las informaciones posesorias y no era aplicable a las de dominio.

El presente caso es realmente interesante y se nos hace necesario hacer un estudio muy cuidadoso del mismo, toda vez que podemos llegar al mismo fin práctico que prescribe el artículo 393 sin que nuestra conclusión resulte en conflicto con lo que ya ha sido resuelto en decisiones anteriores por esta corte y en relación con las informaciones de dominio.

Las reglas que prescribe el artículo 393 de la Ley Hipotecaria, refiriéndose a las informaciones posesorias, fueron objeto de un estudio cuidadoso por esta Corte Suprema en un caso más reciente—el de *Wiscovich* v. *Registrador de San Germán,* 30 D. P. R. 127. Aquí se explica el fundamento de aquella disposición legal y se deja sentado que el artículo 393 citado es una excepción a los artículos 20 y 82 de nuestra Ley Hipotecaria.

El caso que citamos se refiere a una información posesoria que al llevarse al registro para su inscripción encuen-

tra en oposición un asiento de dominio. Sin embargo, de un modo incidental se cita el caso de *Toro* v. *Registrador,* 25 D. P. R. 472, el que declara que el artículo 393 no es aplicable a las informaciones de dominio. La misma doctrina se define en los casos de *Ginorio* v. *Registrador,* 2 S. P. R. 579; *Porto Rican Leaf Tobacco Co.* v. *Registrador,* 17, D. P. R. 228, y *Colón* v. *Registrador,* 24 D. P. R. 770.

Si nos detenemos a estudiar los anteriores casos se podría ver que en su mayoría no aparecen citadas las personas a quienes según el registro puede perjudicar la cancelación del asiento en contradicción en el registro. Aparte de la falta de aquel requisito estamos de acuerdo con el precepto general que se establece de que no es aplicable a las informaciones de dominio las reglas que autoriza el artículo 393 de la Ley Hipotecaria para las informaciones posesorias, pero más bien por innecesarias que por inaplicables. No vemos dificultad alguna que sin acudir necesariamente al procedimiento que determina el artículo 393 para las informaciones posesorias y dentro de la misma tramitación de un expediente de dominio se pueda obtener la cancelación de un asiento contradictorio de posesión, siempre que fueran citados los interesados o sus causahabientes, a quienes la cancelación pueda perjudicar.

El expediente de dominio está rodeado de mayores formalidades que una información posesoria y resultaría algo anormal que en una información posesoria se pueda obtener la cancelación de cualquier asiento contradictorio en el registro y que, por el contrario, no se pueda obtener en la tramitación de una información de dominio, mediante la citación de los interesados, la cancelación de un asiento posesorio y en contradicción con el dominio justificado y acreditado y así declarado por una corte de competencia en el caso. La información de dominio es un procedimiento especial en donde se presenta un escrito refiriendo el modo en que los bienes han sido adquiridos; se ofrecen y practican pruebas por un

período de 60 días; se cita a aquel de quien procedan los bienes o de su causahabiente y se convoca a las personas ignoradas a quienes pueda perjudicar la inscripción que se solicita, por medio de la publicación de edictos. Estas formalidades, o el debido procedimiento de ley que se establece por las mismas, hacen de la información de dominio un procedimiento que participa más bien del carácter contencioso que del voluntario. El expediente posesorio puede tramitarse en un día y, además de los requisitos que debe contener la solicitud, la declaración de dos o más testigos, y acreditarse el pago de las contribuciones, solamente se exige la citación de los colindantes. Es un procedimiento más bien *ex parte* que contencioso, y ahora cabría preguntar, si en la información posesoria, mediante lo que dispone el artículo 393, cabe cancelarse todo asiento contradictorio de posesión o dominio que exista en el registro, ¿cómo no sería posible hacer lo mismo en una información de dominio cuando, sobre todo, el asiento en oposición es un asiento posesorio? La conclusión tiene que ser afirmativa y nuestra posición es que sin contradicción, con lo que se ha establecido en los casos, *supra,* de esta Corte Suprema, no había que seguir en las informaciones de dominio las reglas que prescribe el artículo 393 más bien por innecesarias porque la información de dominio tiene sus propias reglas, su procedimiento independiente para llegar al mismo fin de la cancelación de asientos en contradicción, como excepción a los artículos 20 y 82 de la Ley Hipotecaria y bajo la misma teoría, que se desarrolla por Moreda Martínez para las informaciones posesorias y que se reproduce en el caso de *Wiscovich* v. *Registrador, supra.*

Morell, en sus estudios sobre la reciente Ley Hipotecaria que rige en España y en donde, dentro del procedimiento de la información de dominio, se pueden cancelar inscripciones contradictorias de posesión, distingue entre los interesados en

asientos del registro, según merezcan el concepto de dueños o el de poseedores, y en el tomo 5°. pag. 540, dice:

"Si se trata de un asiento contradictorio de posesión basta que el titular haya sido citado en forma legal. Constando así en el testimonio presentado al Registro, el Registrador inscribirá, cancelando la inscripción posesoria, se halle extendida a favor de particulares o a favor del Estado, porque el derecho acreditado es el de dominio, superior al de posesión, y porque queda al poseedor la facultad de entablar contra el presunto dueño la acción contradictoria en el juicio declarativo correspondiente.

"Si se trata de un asiento contradictorio *de dominio,* el Registrador no debe inscribir, mientras no conste que el titular, según el Registro, ha sido precisamente *oído* y no simplemente citado, ya hubiese manifestado su conformidad, ya hubiesen sido desestimadas sus alegaciones. El asiento de dominio, sin ese requisito, ha de respetarse, y es entonces el interesado en el expediente, quien tiene que entablar la acción contradictoria del dominio inscrito, en el juicio que proceda. . . . ."

La distinción que se deja establecida es realmente de importancia en la resolución de este caso. La consecuencia es que los registradores deben denegar la inscripción de un expediente de dominio si a él se opusiera en el registro algún asiento de dominio o de posesión, siempre que los interesados, según el registro, o sus causahabientes, en el primer caso, no hubiesen sido oídos; y en el segundo, no fueren citados en forma legal. La diferencia consiste en que tratándose de un asiento de dominio no basta para solicitar y obtener su cancelación citar a los interesados sino que es indispensable, además, oírlos, ya consientan, ya hubiesen sido desestimadas las alegaciones; y en el asiento posesorio solamente basta citarlos en debida forma sin que necesariamente tengan que comparecer ante la corte a prestar su conformidad, porque lo esencial es que tengan conocimiento de la tramitación del expediente de dominio para poder oponerse a la cancelación, si les conviniere.

En el presente caso se trata de un asiento de posesión en

contradicción a un expediente de dominio; en el expediente se han citado en debida forma los interesados a quienes puede perjudicar la cancelación decretada por la corte y, por tanto, procede la cancelación en la forma que fué decretada por la corte inferior y, en su consecuencia, la inscripción de la sentencia declarando justificado el dominio de la finca objeto de este recurso.

La nota debe ser revocada.

> *Revocada la nota ordenándose la cancelación decretada por la Corte inferior.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Jueces Sres. Presidente del Toro y Asociado Aldrey disintieron.