Jenaro Pedro Bermúdez y Negrón, conocido por Antonio Bermúdez, promovente y apelado, *v.* Ramiro W. Morales, opositor y apelante.

No. 5492.—*Sometido:* Junio 5, 1931.  *Resuelto:* Junio 12, 1931.

*M. A. Martínez Dávila* y *A. Porrata Doria,* abogados del apelante; *J. A. Hernández Pérez,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 10 de septiembre de 1925 Jenaro Pedro Bermúdez presentó en la Corte de Distrito de Guayama una petición sobre declaratoria de dominio de una finca de cuarenta cuerdas situada en el barrio de Yaurel del municipio de

Arroyo. Se ordenó la tramitación del expediente de acuerdo con la ley, y publicados los edictos compareció Ramiro W. Morales alegando que la finca de cuarenta cuerdas de que se trata forma parte de otra de mayor cabida reclamada por él en un litigio que seguía contra Jenaro Bermúdez sobre nulidad de expediente posesorio y reivindicación, y en tal virtud oponiéndose a la declaración de dominio solicitada. El expediente quedó así convertido en pleito.

Enmendó el peticionario su solicitud pidiendo que se citara de nuevo no sólo al anterior dueño si que también a Adolfo Porrata de quien adquirió la finca el Gobierno de España en ejecución administrativa en 1891. El anterior dueño fué citado, mas no el Sr. Porrata ni sus herederos, por no habérseles podido encontrar. Instó el peticionario entonces que apareciendo la finca inscrita a nombre de Porrata y a fin de poder cancelar la inscripción, se emplazara a Porrata de acuerdo con la ley. Invocó el caso de *Canino* v. *Registrador,* 31 D.P.R. 434. Accedió la corte.

Así las cosas, fué el pleito a juicio y la corte lo falló en favor del promovente. Su sentencia se basa en una cuidadosa opinión en la que después de relacionarse las alegaciones y las pruebas aportadas por una y otra parte, se declaran probados los siguientes hechos:

"Que la finca cuyo dominio se trata de inscribir fué originalmente inscrita por título de dominio en el año 1880 a favor de don Adolfo Porrata Valencia quien la hubo por compra a don José Santiago el día 11 de diciembre de 1879; que el Superior Gobierno de España hubo dicha finca de don Adolfo Porrata Valencia en procedimiento de ejecución llevado a cabo administrativamente en cobro de la fianza que dicho señor Porrata Valencia constituyó por hipotecas sobre esta finca y otra de su propiedad para garantir a don Ildefonso Aguado en el cargo de Contador de la Administración Local de Rentas de las Aduanas de Humacao y Arroyo; que en procedimientos posteriores y en virtud de venta en subasta pública dicha finca pasó a don José L. Berríos en 18 de octubre de 1893; que don José L. Berríos vendió sus derechos y acciones en dicha finca a don Jenaro Bermúdez por escritura otorgada ante el notario José Mariano Capó en marzo

24 de 1894; que don Jenaro Bermúdez la poseyó hasta el día 3 de julio de 1924 que hizo cesión de la misma al promovente, Jenaro Pedro Bermúdez Negrón, conocido por Antonio Bermúdez, en virtud de permuta, según escritura otorgada ante el Notario Tomás Bernardini de la Huerta, y desde esa fecha ha venido poseyéndola el promovente.''

De la declaración de hechos probados dedujo la corte de acuerdo con la ley y la jurisprudencia, que la finca en cuestión pertenecía al promovente. La opinión termina así:

''Si alguna duda tuviéramos en cuanto a los fundamentos para determinar la razón entre las alegaciones del promovente y las del opositor, se desvanecería con la declaración del testigo Juan Bautista Pérez, de 80 años de edad, traído por el opositor, y quien dice que esa finca fué vendida por José de Santiago a Felipe de Jesús y que este último, o sus familiares, la devolvieron a José de Santiago, porque él se volvió loco y no pudo pagarla, corroborando así un hecho esencial de la prueba del promovente en cuanto a que fué José de Santiago el primer poseedor y no Felipe de Jesús como ha pretendido probar el opositor quien, por tanto, no ha demostrado de modo que satisfaga a la corte la razón que tenga para intervenir con la pretensión de que no se conceda al promovente el derecho que solicita. La prueba documental del promovente es clara en demostrar cómo la finca objeto de esta información ha venido cambiando de dueño por vía de honestas transacciones, hasta llegar al promovente, por un período de tiempo que alcanza a 46 años.''

Dos son los errores que señala el apelante, a saber: que erró la corte al declarar que el promovente había probado su posesión de la finca por más de treinta años y al resolver que su posesión no había sido interrumpida.

Discutiendo el primer error sostiene el apelante que la prueba documental presentada se refiere a otra finca y que en todo caso estando la finca inscrita no procede el expediente de dominio.

Se nota, en verdad, en las descripciones que de la finca contienen los documentos, algunas diferencias, una muy pequeña en la cabida y otras en las colindancias. La de la cabida no tiene importancia y las de las colindancias se

explican por haber variado los dueños de los predios colindantes. Un estudio cuidadoso convence al juzgador de que se trata de la misma finca.

En cuanto a la no procedencia del expediente de dominio, creemos que el caso de Canino, *supra,* invocado, resuelve la cuestión dando la razón a la corte. En él se estableció la siguiente jurisprudencia:

"En la tramitación de un expediente de dominio puede obtenerse la cancelación de un asiento contradictorio de posesión sin que sea necesario acudir al procedimiento que determina el artículo 393 de la Ley Hipotecaria, siempre que en el expediente de dominio fueren citados los interesados o sus causahabientes a quienes la cancelación pudiera perjudicar."

Y aquí se citó a los interesados de conformidad con la ley.

Lo normal es que cuando una finca esté inscrita, no se acuda al medio supletorio del expediente de dominio que autoriza la Ley Hipotecaria, pero cuando se trata de casos como éste en que la inscripción data de 1880 y hubo luego tan variadas trasmisiones, difíciles de reconstruir totalmente para ser inscritas, se está justificado en acudir al dicho medio supletorio. Dijo esta corte en el caso de *Wiscovich* v. *Registrador,* 30 D.P.R. 127:

"Cuando la posesión o el dominio de una finca consta inscrito en el registro a favor de una persona distinta del actual poseedor y a éste le es imposible, difícil o costoso adquirir de ella un título escrito inscribible, dicho actual poseedor puede recurrir también al medio supletorio que fija el artículo 390 de la Ley Hipotecaria, debiendo seguirse en tal caso desde el principio el procedimiento fijado en el artículo 393 de la indicada ley."

Argumentando el segundo señalamiento de error sostiene el apelante que la posesión del promovente fué interrumpida por el pleito a que se refiere el opositor entablado en 1920 y pendiente aún.

En primer lugar la prueba demuestra que no se trata de la misma finca, pero aunque se tratara, la prueba siempre

demostraría que a la fecha de 1920 en que se inició el pleito ya había el causante del promovente ganado un buen título de dominio sobre la finca adverso al del apelante, por· prescripción extraordinaria.

Con respecto a que el promovente no puede alegar buena fe porque compró en 1924 después de iniciado el pleito, bastará decir que en cuanto a él no puede tomarse ni siquiera en consideración el pleito a los efectos de la interrupción de la prescripción, por no haberse anotado la demanda iniciándolo en el registro. Dice el artículo 91 del Código de Enjuiciamiento Civil:

"Cuando en una acción que afecte al título o al derecho de posesión de una propiedad inmueble, el demandante al tiempo de presentar la demanda, y el demandado al tiempo de presentar la contestación o en cualquier tiempo después, pidieren se declare que lo que se reclama es suyo, podrán presentar para su anotación al registrador del distrito en que radicare la propiedad o parte de ella un aviso de la cuestión litigiosa pendiente, el cual contendrá los nombres y apellidos de las partes, el objeto de la demanda o contestación, y la descripción de la propiedad en litigio. Sólo desde el día de la presentación del aviso para ser anotado se considerará que el comprador o la persona que adquiera un gravamen sobre la propiedad litigiosa, tiene conocimiento, para los efectos legales, de la acción pendiente contra las partes designadas por sus nombres verdaderos."

Para una ilustración mayor sobre la materia. de la interrupción del término necesario para prescribir, véase la decisión de esta corte en el caso de *Calderón* v. *Sucn. Zequeira* decidido en el día 10 de junio actual (*ante,* pág. 414).

*Debe confirmarse la sentencia apelada.*