RAMÓN DELFÍN PAGÁN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1126.—*Sometido:* Noviembre 1, 1943. *Resuelto:* Noviembre 22, 1943.

*Buenaventura Esteves,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Ramón Delfín Pagán promovió un expediente en la Corte de Distrito de Aguadilla para justificar a su favor el dominio sobre seis parcelas de terreno, la posesión de las cuales aparece inscrita a nombre de Erasmo Cardona Fuentes, su anterior dueño.

Bajo el sello de la corte se expidió emplazamiento dirigido a Erasmo Cardona Fuentes o sus herederos o sucesores, como anterior dueño de la finca, describiéndola por su situación, cabida superficial, linderos, etc.; se expresaba cómo la había adquirido el promovente y se informaba expresamente a Erasmo Cardona Fuentes, sus herederos, etc., que el promovente alegaba ser dueño y hallarse en posesión de ella, concluyendo la notificación en los siguientes términos: "Por tanto, se cita al anterior dueño Erasmo Cardona Fuentes, sus herederos o derechohabientes, para que en el término de sesenta días naturales a contar desde que fueren legalmente citados, comparezcan a oponerse a las pretensiones del peticionario, si les conviniere."

Dicho emplazamiento fué debidamente diligenciado notificándose personalmente con copia del mismo y de la solicitud inicial a los herederos todos de Erasmo Cardona Fuentes, mencionándolos por sus nombres. Además, en la súplica de la solicitud se dice: "Vuestro peticionario solicita que, cumplidos que sean los trámites legales, se declare justificado a su favor dicho derecho [el dominio] y se ordene su inscrip-

ción en el Registro de la propiedad, *previa la cancelación de las inscripciones de las seis parcelas que aparecen inscritas en posesión,* con los demás pronunciamientos oportunos." (Bastardillas nuestras.)

Presentada en el Registro de la Propiedad de Aguadilla una copia certificada de la resolución declarando justificado el dominio, de la solicitud inicial y una certificación del Secretario de la Corte de Distrito de Aguadilla relativa al contenido del emplazamiento y su diligenciamiento, el Registrador denegó la inscripción por la siguiente razón:

"Por entender que la notificación dirigida a los herederos de Erasmo Cardona Fuentes debió contener el apercibimiento de que *de no comparecer dentro del término legal a formular su oposición, la corte decretaría la cancelación de la inscripción practicada en el Registro a nombre de su causante. . ."* (Bastardillas nuestras.)

El registrador sostiene en apoyo de su nota que a su juicio la supuesta deficiencia en el emplazamiento impidió que la corte adquiriese jurisdicción sobre las personas emplazadas y que ordenar la cancelación de las inscripciones de posesión en tales circunstancias equivale a privar a los interesados de su propiedad sin el debido proceso de ley.

El registrador no cita, ni conocemos nosotros, precepto legal alguno que sostenga su proposición. Invoca, sin embargo, el caso de *Canino v. Registrador,* 31 D.P.R. 434, arguyendo que de acuerdo con lo resuelto en dicho caso el registrador no debe inscribir un expediente de dominio cuando existan asientos de posesión a favor de personas distintas del promovente, a menos que dichas personas sean citadas en forma legal.

Es verdad que en el caso invocado por el registrador se hizo el apercibimiento a que se refiere la nota recurrida, pero en ninguna parte de la opinión se dice que ese apercibimiento sea necesario para la validez de la notificación. Todo lo que exige la garantía constitucional sobre el debido proceso de ley en los procedimientos judiciales es que el de-

mandado o la persona que pueda ser perjudicada por dicho procedimiento sea notificado y se le dé una oportunidad de ser oído, lo cual incluye, desde luego, el derecho a una oportunidad de presentar evidencia. *Hagar v. Hardy,* 169 U. S. 366.

En el presente caso los herederos fueron debidamente notificados, se les informó de las pretensiones del promovente y se les concedió tiempo más que razonable para ser oídos. Lo hecho era suficiente para dar cumplimiento a la citada garantía constitucional.

*Procede revocar la nota recurrida y ordenar la inscripción del documento.*