LAURENTINO RODRÍGUEZ ARVELO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1180.—*Sometido:* Enero 15, 1946. *Resuelto:* Febrero 7, 1946.

*Buenaventura Esteves,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

Laurentino Rodríguez Arvelo tramitó expediente de dominio sobre una finca inscrita a nombre de Paulino Rodríguez y su esposa, Benicia Arvelo, alegando que adquirió la finca de éstos por compra, no siendo inscribible la escritura que al efecto se otorgara, y habiendo fallecido ambos vendedores. Dictada resolución declarando justificado el dominio, y ordenando su inscripción en el registro, así como la cancelación del asiento contradictorio, denegó el registrador la inscripción "por observar que siendo la inscripción cuya cancelación se decreta un asiento de dominio no aparece del expediente que fueran oídas las personas cuyo derecho figura inscrito . . ."

De la nota denegatoria recurre Rodríguez Arvelo, quien nos llama la atención hacia el hecho de que la resolución demuestra que los herederos de Paulino Rodríguez y Benicia Arvelo, ambos fallecidos, fueron citados por edictos, e insiste en que la citación así hecha es suficiente, sin que sea necesario, como insiste el registrador, que fuesen precisamente *oídos* además de *citados.*

La distinción entre el citar y el oír, en expedientes de dominio, a personas a cuyo favor aparezcan asientos contradictorios al dominio del peticionario, hace su aparición en Puerto Rico en *Canino* v. *Registrador,* 31 D.P.R. 434, al adoptar la mayoría de este Tribunal, disintiendo dos jueces,

la doctrina expresada por Morell, comentando la Ley Hipotecaria de España (5 Morell 540), al efecto de que la resolución en un expediente de dominio puede ordenar la cancelación de un asiento contradictorio en el registro, bastando para ello, si el asiento es posesorio, la *citación* del titular, pero siendo imprescindible el *oír* al titular si el asiento contradictorio fuese de dominio.

El comentario de Morell citado en *Canino* v. *Registrador*, supra, no hace otra cosa que parafrasear el artículo 503 del Reglamento de la Ley Hipotecaria de España, artículo que nunca ha estado en vigor en Puerto Rico. La necesidad de *oír* al titular de dominio ya citado, mientras basta *citar* al titular posesorio ha sido duramente criticado en España. 2 Beraud y Fernández, Derecho Inmobiliario, 528 *et seq.* No vemos justificación alguna para adoptar tal distinción en Puerto Rico, en ausencia de legislación expresa. Si la citación hecha al titular de un asiento contradictorio posesorio, en un expediente de dominio, es suficiente garantía para justificar la cancelación de ese asiento, también debe serlo cuando el asiento es de dominio. Y si la mera citación del titular de un asiento contradictorio de dominio, en un expediente de dominio, no se considera que brinda a éste la oportunidad adecuada de defender su título inscrito, tampoco puede considerarse adecuada la oportunidad brindada por tal citación al titular de un asiento posesorio.

Pasemos a considerar, por lo tanto, si basta la citación del titular de un asiento contradictorio, ya de dominio o posesorio, para ordenar su cancelación en un expediente de dominio.

Si examinamos el artículo 395 de nuestra Ley Hipotecaria, que trata de los expedientes de dominio encontraremos que, distinto al 393 que trata de los expedientes posesorios, no autoriza la cancelación de asientos contradictorios. Siendo ello así, y disponiendo el artículo 82 de la ley que no se cancelará una inscripción sino por consentimiento de la persona

a cuyo favor aparece por ley, o por providencia ejecutoria, y el artículo 20 que no se inscribirá un derecho cuando resulte inscrito a nombre distinto del que lo trasmite, hemos resuelto repetidas veces que no procede la inscripción de la resolución aprobando una información de dominio cuando existe un asiento contradictorio cuyo titular, si bien ha sido citado, no ha consentido a la cancelación ni ha sido vencido en juicio. *Rotger* v. *Registrador,* 28 D.P.R. 910; *Sucesión de Medina* v. *Registrador,* 27 D.P.R. 201; *Toro* v. *Registrador,* 25 D.P.R. 472; *P. R. Leaf Tobacco Co.* v. *Registrador,* 17 D.P.R. 228; *Soto* v. *Registrador,* 15 D.P.R. 611 y *Ginorio* v. *Registrador,* 1 D.P.R. (Castro) 312, 2 S.T.S. 579.

Es cierto que en *Canino* v. *Registrador,* supra, nos apartamos de la regla ya firmemente establecida en la jurisprudencia citada, pero como hemos visto el caso de *Canino* descansa sobre la errónea base de legislación española que no tiene equivalente en Puerto Rico.

Posteriormente, en *Bermúdez* v. *Morales,* 42 D.P.R. 426, se resolvió procedía la cancelación de un asiento contradictorio en un expediente de dominio en el cual compareció el titular del asiento, se opuso a la cancelación y celebrado el juicio, fué vencido. Entendemos que en ese caso perdió el expediente su carácter de procedimiento *ex parte* y se convirtió en contencioso, o como dijimos entonces "El expediente quedó así convertido en pleito." *Bermúdez* v. *Morales,* supra, pág. 427. Procedía por lo tanto, la cancelación del asiento, no ya a base del artículo 395 de la Ley Hipotecaria, sino a base del artículo 83 que permite la cancelación de cualquier inscripción mediante providencia judicial en juicio declarativo.

Recientemente, en *Pagán* v. *Registrador,* 62 D.P.R. 594, denegó un registrador la inscripción de una resolución aprobatoria de expediente de dominio en que se ordenaba la cancelación de un asiento contradictorio, y revocamos la nota, pero en ese caso el registrador sólo objetó la forma de la

citación hecha al titular del asiento contradictorio, y a ese solo extremo por lo tanto se limitó nuestra decisión.

Descartado el caso de *Canino* v. *Registrador* por los fundamentos ya expuestos, tenemos que en Puerto Rico no procede la cancelación de un asiento contradictorio en un expediente de dominio a menos que a ello consienta el titular, o a menos que sea oído y vencido en juicio al oponerse a las pretensiones del peticionario. En el caso ante nos, por lo tanto, tuvo razón el registrador al denegar la inscripción por no haberse oído a las personas a cuyo favor aparece el asiento contradictorio, o a sus herederos.

. Puede objetarse que si en un expediente posesorio cabe la cancelación de un asiento contradictorio, mediante la citación de los interesados, parece irrazonable que lo mismo no puede hacerse en un expediente de dominio. A esa objeción sólo podemos contestar que los artículos 393 y 395 de la Ley Hipotecaria demuestran claramente la intención del legislador español que aprobó esa ley para Puerto Rico de distinguir entre los dos procedimientos.(¹) Es que el legislador español siempre quiso distinguir entre expedientes posesorios y de dominio en lo tocante al problema de asientos contradictorios. La Ley Hipotecaria española de 1861 sólo brindó a aquéllos que carecieren de título inscribible el recurso del expediente posesorio, y en esos expedientes autorizó la cancelación de asientos contradictorios. En el 1869 se autorizó por primera vez el expediente de dominio, sin disponerse, como en el posesorio, el procedimiento para cancelación de asientos contradictorios. Luego, en el 1909, se prohibió la cancelación de asientos contradictorios en expedientes posesorios, disponiéndose, en el artículo 393 de la ley española, que de existir asientos contradictorios se declara-

---

(¹) Igual distinción prevalece en la Ley Hipotecaria de Cuba. Y la ley cubana ha sido interpretada en el sentido de no permitir la cancelación de asientos contradictorios mediante un expediente de dominio. 2 Martínez Escobar, *Las Inscripciones*, 60 *et seq.*

ría sin lugar la información, "y podrá el interesado, si le conviniere, justificar su dominio mediante el procedimiento establecido en el artículo 400 de la presente ley." El artículo 400 citado es el que determina el procedimiento para informaciones de dominio. Es muy similar al 395 de Puerto Rico, pero está complementado por el 503 del nuevo reglamento español, que como ya hemos visto no tiene equivalente en Puerto Rico, y que si bien permite la cancelación de un asiento contradictorio posesorio previa citación del interesado, no permite la cancelación de un asiento contradictorio de dominio sin haber sido precisamente oído el interesado. Para una mejor comprensión del desarrollo de la legislación española, y de la poca fe que la mera citación hecha dentro de un expediente voluntario ha merecido en España, cabe citar lo siguiente de la Resolución de la Dirección General de los Registros de 11 de octubre de 1915:

"Considerando que tanto por el lugar que ocupó en la ley Hipotecaria reformada de 1869, como por ser facultad concedida al propietario que careciese de título escrito de dominio el expediente justificativo de su adquisición era inaplicable a fueros y derechos cuya propiedad apareciera inscrita en el Registro, por lo que el artículo 404 de aquélla (400 de la vigente) ni previó el caso de asientos contradictorios ni ordenó la citación del dueño o titular, según el Registro, ni concedió especial fuerza cancelatoria a la providencia judicial con que terminaba;

"Considerando: que los trámites breves de tal procedimiento, lejos de presentar las garantías que el declarativo ordinario desenvuelve en la constitución, controversia, prueba y decisión del juicio, serían una amenaza constante para todo propietario que teniendo inscritos en debida forma sus derechos y descansando sobre la fe del Registro, podría resultar despojado de sus bienes sin ser oído, o con una apremiante citación que ni le permitiera preparar su prueba ni quebrantar la amañada por el solicitante, a quien difícilmente podría exigir como a legítimo adversario las responsabilidades consiguientes al ejercicio de una acción infundada o temeraria;

"Considerando: que el artículo examinado se ha derivado con ligeras variantes del artículo 29 del anterior proyecto de ley elevado por la Comisión de Códigos en 11 de abril de 1864 al Ministro de

Gracia y Justicia, en cuya Exposición de motivos se dice textualmente: *'Para traer estos bienes al Registro,* inscribiendo su dominio, ha habido siempre medios legales por más que no se hayan formulado hasta ahora en ninguna ley especial';

"Considerando: que en el mismo espíritu aparece informado el Real decreto de 10 de Febrero de 1875 al permitir la inscripción del dominio adquirido después de 1º. de enero de 1863 a los propietarios que *careciesen de título escrito;*

"Considerando: que, a tenor de lo prescrito en el artículo 24 de la vigente ley, no podrá ejercitarse ninguna acción contradictoria del dominio de inmuebles inscritos a nombre de persona determinada, sin que se entable, previa o simultáneamente, demanda de nulidad o cancelación de la inscripción en que conste dicho dominio, debiendo fundarse la demanda de nulidad en las causas que taxativamente expresa aquel Cuerpo legal, cuando haya de perjudicar a tercero, y que este precepto, introducido con sus concordantes del artículo 41 para dar a la inscripción la plenitud de sus efectos, resulta preterido u olvidado, así como los artículos 82 y 83 en el procedimiento judicial promovido por D. Francisco Fullá y Gascón;

"Considerando: que cualesquiera que sean los efectos de la justificación de dominio en orden a la posesión inscrita, bien para corroborarla y robustecerla como en el caso segundo del artículo 399, bien para contradecirla o cancelarla según la regla 2ª. del artículo 393 de la Ley Hipotecaria, desenvuelto en el párrafo segundo del artículo 503 del nuevo Reglamento, es indiscutible que el expediente origen del recurso, en el cual no ha comparecido D. José Cendra Dalmases ni su representación, carece de virtualidad para destruir, anular o cancelar la inscripción extendida a su favor;"

(Anuario de la Dirección General de los Registros y del Notariado, año 1915, pág. 204.)

■ Del breve resumen que hemos hecho del desarrollo histórico de la legislación hipotecaria española en cuanto al problema que plantea la existencia de asientos contradictorios en el trámite de informaciones posesorias y de dominio, podrá verse que no es función judicial, sino legislativa, la de hacer uniforme en ambos expedientes, si es que se desea la uniformidad, la regla en cuanto a permitir, o no permitir, la cancelación de asientos contradictorios mediante la cita-

ción de los interesados. Mientras nuestra ley distinga entre las dos clases de expedientes, no podemos hacer caso omiso de la distinción.

*Por los fundamentos expuestos, debe confirmarse la nota recurrida.*