ERNESTO BENÍTEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, recurrido.

Núm. 1244.—*Sometido:* Junio 2, 1949. *Resuelto:* Junio 14, 1950.

*Benigno Dávila,* abogado del recurrente; el Registrador recurrido compareció por escrito; *Rafael R. Fuertes, Félix Bello* y *A. Sandín del Manzano,* abogados de la Junta de Planificación, como *amicus curiae* ésta.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Ernesto Benítez radicó en el Tribunal del Distrito de San Juan una petición sobre "Información de Dominio y Cancelación de Asientos Contradictorios" en la que alegó ser dueño

en pleno dominio de cuatro solares que en la petición se describen; que adquirió dichas fincas por compra que hiciera a Francisca Andrades, dos de ellas por escritura de 28 de febrero de 1948 ante el notario Benigno Dávila, otra por escritura de 21 de octubre de 1947 y la última por escritura de 30 de diciembre de 1947, también estas últimas ante el mismo notario; que Francisca Andrades las adquirió por dación en pago allá para el año 1936, de María Zacarías Escalera Andrades, "según costa de la escritura número 84 otorgada ante el mismo notario Benigno Dávila el día 20 de octubre de 1947"; que las referidas fincas proceden de otra de mayor cabida que dicha María Zacarías Escalera Andrades dividió en solares, la cual finca de mayor cabida también se describe en la petición; que esta última aparece inscrita en el Registro de la Propiedad de San Juan a favor de Francisca Guzmán Andrades, al folio 136 del tomo 77 de Santurce norte, finca núm. 3972, inscripción segunda; que la referida Francisca Guzmán Andrades falleció el 27 de marzo de 1939, desconociéndose sus herederos, los que se designan en la petición con los nombres ficticios de Fulano y Zutano de Tal, a los fines de la notificación correspondiente "para que comparezcan en este expediente allanándose u oponiéndose a la cancelación del referido asiento contradictorio existente sobre las fincas por su procedencia"; que las cuatro fincas descritas en la petición tienen un valor de $1,000 cada una y están libres de cargas con excepción de la que en ella se describe con la letra (c), que está afecta a una hipoteca en garantía de pagaré al portador por la cantidad de $1,000 de principal; que uniendo el tiempo en que el peticionario ha estado en posesión de las fincas descritas, con el de sus anteriores dueños, resulta que entre todos la han poseído de buena fe, pública y pacíficamente, con justo título y en concepto de dueños y sin interrupción alguna, por más de diez años, y que "careciendo el peticionario de título inscribible, para justificar su derecho promueve este expediente de acuerdo con el artículo 395 y sus concordantes de la Ley Hipotecaria y ofrece prueba documen-

tal y testifical". Suplicó el peticionario que con citación del fiscal de distrito, de los anteriores dueños o sus causahabientes, si fueran conocidos, y previa la publicación de los edictos correspondientes, se le admitiera la prueba y en su día se le declarara justificado el dominio de las fincas descritas, se decretara la cancelación de los asientos contradictorios existentes a nombre de cualquiera otra persona y se ordenara su inscripción a nombre del peticionario en el registro de la propiedad correspondiente.

Admitida la información se ordenó por el tribunal que se citara a los anteriores dueños y los que tuvieran asientos contradictorios, que se publicaran los edictos correspondientes y que se diera "vista al Ministerio Fiscal, cumpliéndose con los demás requisitos legales". Expedida por el secretario la citación ordenada por el tribunal, se diligenció por el márshal notificando personalmente a la anterior dueña, Francisca Andrades, certificando a la vez no haber "podido notificar à los herederos o causahabientes de Francisca Andrades porque son desconocidos no pudiendo encontrar ni determinar ninguno a pesar de las diligencias practicadas inquiriendo sobre los mismos."

Solicitada y ordenada la citación por edictos, se publicaron éstos conforme a lo dispuesto en el artículo 95 del Código de Enjuiciamiento Civil citándose a los herederos y causahabientes desconocidos de Francisca Guzmán Andrades, designados con los nombres ficticios de *Fulano y Zutano de Tal* y a todo el que tuviera algún derecho real sobre las fincas descritas, las personas a quienes pudiera perjudicar la inscripción y en general a todo el que deseara oponerse "para que comparezcan si creyeren convenirle, en la forma expuesta, en este Hon. Tribunal dentro de 60 días contados desde la última publicación de este edicto, con el fin de que se allanen u opongan a la cancelación del asiento contradictorio, o que expongan lo que a su derecho convenga en el expediente promovido por el peticionario en este caso para acreditar el dominio sobre las fincas descritas precedentemente."

Celebrada la vista de la petición y por el resultado de la prueba practicada en dicho acto, luego de darse traslado del expediente al fiscal—quien informó por escrito no tener objeción a su aprobación—y "sin que nadie se haya opuesto a la cancelación de los asientos contradictorios existentes, y a la inscripción del dominio solicitado a favor del promovente", declaró el tribunal inferior justificado el dominio de las fincas descritas en la petición a favor del peticionario Ernesto Benítez y ordenó la expedición de la correspondiente certificación de dicha providencia "para que pueda inscribirse tal dominio en el Registro de la Propiedad correspondiente, cancelándose cualquier inscripción de dominio, mención de derecho o asiento contradictorio que pudiera existir del Registro, contrarios al título y alegado derecho del promovente en este caso."

Presentada en el Registro la anterior providencia, se denegó su inscripción (1) porque ninguno de los interesados, aun cuando citados personalmente y por edictos, comparecieron ni fueron oídos en relación con la solicitud; (2) porque habiéndose practicado una lotificación en el año 1947, no se acreditaba que la misma hubiera sido sometida a y aprobada por la Junta de Planificación, conforme a lo dispuesto por la ley, y (3) porque el procedimiento que debe seguirse para la cancelación de un asiento contradictorio en el Registro es una acción plenaria y contenciosa y no un expediente *ex parte* de información de dominio.

El recurrente sostiene que es errónea la posición asumida por el Registrador en los fundamentos de su nota denegatoria. Veamos.

■■ El artículo 82 de la Ley Hipotecaria, según quedó enmendado por la Ley núm. 22 de 7 de julio de 1923 ((1) pág. 219), entre otras cosas dispone que "Las *inscripciones* o anotaciones preventivas, hechas en virtud de escritura pública, no se cancelarán sino por *providencia ejecutoria* contra la cual no se halle pendiente recurso de apelación, o por otra escritura o documento auténtico en el cual exprese su consen-

timiento para la cancelación la persona a cuyo favor se hubiese hecho la inscripción o anotación, o sus causahabientes o representantes legítimos." (Bastardillas nuestras.) El artículo 20 de la propia ley, entre otras cosas, provee que los Registradores denegarán la inscripción de un título que transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, en caso de resultar tal derecho inscrito a favor de persona distinta de la que transfiera o grave. El artículo 395 establece la forma en que un propietario que carezca de título escrito de dominio puede justificar e inscribir el mismo. El 390 y siguientes hasta el 394, inclusive, fijan los trámites y requisitos para la inscripción, por tales propietarios, de la *posesión* de sus bienes.

Repetidamente hemos resuelto que no procede la inscripción de una providencia judicial aprobando una información de dominio cuando existe un asiento contradictorio cuyo titular, si bien ha sido *citado* no ha *consentido* a la cancelación ni ha sido *vencido en juicio. Rodríguez* v. *Registrador*, 65 D.P.R. 653, y casos en él citados;(¹) *Iñesta* v. *Registrador*, 65 D.P.R. 773; *Alcázar* v. *Corte*, 67 D.P.R. 727. La cancelación "es un acto de desprendimiento de derechos que equivale a una enajenación, y exige por lo mismo capacidad para disponer, o el cumplimiento de los requisitos y formalidades legales necesarios para la transmisión o constitución de derechos reales." 3 Morell, Legislación Hipotecaria 451. Tal

---

(¹) En el caso de *Canino* v. *El Registrador de San Juan*, 31 D.P.R. 434, se trataba de un asiento contradictorio de *posesión*. En el de *Rodríguez* v. *Registrador*, supra, se analiza y expone el alcance del de *Canino*, en relación con el comentario de Morell, en el tomo 5, pág. 540, de su obra "Legislación Hipotecaria", al efecto de que procede inscribir la orden de cancelación de un asiento contradictorio de *posesión* dentro de un expediente de dominio, bastando que en el expediente se haya citado al titular del asiento. Dicho caso, por las razones expuestas en el de *Rodríguez*, ha dejado de ser precedente en esta jurisdicción. En el caso de autos, como puede verse, el asiento contradictorio es de *dominio*, y no de posesión. Y la teoría de Morell, en la propia obra y página citadas, es cónsona, en cuanto a la no procedencia de la cancelación de un asiento contradictorio de *dominio* en expedientes informativos de dominio, con la regla del caso de.*Rodríguez*, y otros anteriores y posteriores a éste.

es, sin duda, la razón de la ley, al requerir, por su artículo 82, que las inscripciones hechas en virtud de escritura pública no se cancelarán sino cuando media el consentimiento de la persona a cuyo favor se hubiere hecho la inscripción, sus causahabientes o representantes legítimos, o haya recaído providencia *ejecutoria*, contra la cual no se halle pendiente recurso de apelación; proveyendo el 83 a su vez que si procediere la cancelación "y no consintiere en ella aquél a quien ésta perjudique, podrá el otro interesado demandarlo en juicio declarativo." "El expediente de dominio puede considerarse como un acto de jurisdicción voluntaria, mientras no se suscite contienda entre partes conocidas y determinadas." 5 Morell, Legislación Hipotecaria 528. Refiriéndose al escrito que inicia el expediente, dice Barrachina en su obra Derecho Hipotecario y Notarial, tomo 4, pág. 320:

"De este escrito que no es una demanda con hechos y fundamentos de derecho, se dará traslado al Ministerio fiscal, se citará (esto no es emplazamiento) a aquél de quien procedan los bienes o su causante si fuere conocido y a los que tengan en ellos cualquier derecho real; se admitirán todas las pruebas pertinentes que se ofrezcan por el actor, por los interesados citados o por el Ministerio fiscal en el término de ciento ochenta días y se convocará a las partes ignoradas, a quienes pueda perjudicar la inscripción solicitada, por medio de edictos fijados en parajes públicos e insertos tres veces en el *Boletín Oficial,* a fin de que comparezcan, si quieren alegar su derecho."

Mientras no se suscite *contienda* entre partes conocidas y determinadas, no pierde el expediente su carácter de procedimiento *ex parte*—ni la resolución, por lo tanto, adquiere la autoridad de cosa juzgada, *González* v. *El Pueblo*, 10 D.P.R. 483. Cuando existe asiento contradictorio en el Registro y comparece el titular del asiento a oponerse al expediente y a la cancelación del mismo es que entonces el procedimiento *ex parte* adquiere el carácter de contencioso y sólo entonces es que, *oído y vencido* en juicio el titular, puede ordenarse la cancelación del asiento si se declara justificado el dominio a favor del promovente. *Rodríguez* v. *Registrador,* supra;

*Bermúdez* v. *Morales*, 42 D.P.R. 426; *cf. Jiménez* v. *Municipio*, 70 D.P.R. 517. La providencia judicial así dictada reviste entonces el carácter de ejecutoria, (²) por razón del carácter plenario adquirido por el procedimiento, cumpliéndose así el requisito del artículo 82.

■■ El recurrente sostiene que habiendo él citado tanto a Francisca Andrades, anterior dueña, como a los herederos o causahabientes desconocidos de Francisca Guzmán Andrades, titular del asiento contradictorio, de conformidad con el artículo 95 del Código de Enjuiciamiento Civil en concordancia con el artículo 395 y otros de la Ley Hipotecaria, y no habiendo éstos comparecido, su petición debe considerarse, a todos los fines legales, como una demanda, y la resolución a su favor—basada en la prueba ofrecida—al no comparecer éstos, como una sentencia dictada en rebeldía. Es insostenible esta contención. El recurrente hizo uso del remedio y trámite provistos en la Ley Hipotecaria para expedientes informativos de dominio, que no son las acciones civiles de que habla la Regla 81 de las de Enjuiciamiento Civil, ya que éstas, según en la última citada se dispone, ". . . serán aplicables a todas las acciones civiles *ordinarias* y a todos los casos de *mandamus, injunction*, interdictos para retener o recobrar la posesión, tercerías, reclamaciones del derecho de hogar seguro." (Bastardillas nuestras.) No siendo los expedientes informativos de dominio acciones *ordinarias*, y no incluyéndose los mismos expresamente en la Regla 81, no les son de aplicación dichas Reglas, aun cuando como requisito indispensable para la validez del trámite en dichos expedientes se requiera la citación de conformidad con nuestro Código de Enjuiciamiento Civil. Véase a este respecto *Cerdá* v. *Ossorio*, 65 D.P.R. 336.

No habiendo el aquí promovente entablado demanda en juicio ordinario que pudiera culminar en una *ejecutoria* orde-

---

(²) Ejecutoria: El documento público y solemne en que se consigna una sentencia firme. 12 Enciclopedia Jurídica Española 961. Las sentencias que se dictan en expedientes de dominio no causan ejecutoria. *González* v. *El Pueblo*, supra.

nando la cancelación del asiento contradictorio constante en el Registro, ni habiéndose suscitado *contienda* en el expediente informativo que como procedimiento *ex parte* inició, debemos concluir que actuó acertadamente el Registrador al denegar la inscripción solicitada.

En vista del resultado a que hemos llegado es innecesario considerar los demás fundamentos de su nota denegatoria.

*Procede confirmar la nota recurrida.*