FÉLIX CRUZ VILLANUEVA, recurrente *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.*

*Número:* 1386  *Resuelto:* 4 de enero de 1962

---

($^{12}$) Prosser, *Law of Torts*, 2d ed., 1955, sec. 59, p. 329.

* NOTA DEL EDITOR:

Después de compaginado el Tomo 84 D.P.R. el Tribunal ordenó la publicación de esta Sentencia.  Por dicho motivo no aparece en el sitio que le corresponde.

C. *Domínguez Rubio,* abogado del recurrente; el Registrador recurrido no compareció.

Sala integrada por el Juez Presidente Señor Negrón Fernández como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo y Dávila.

### SENTENCIA

Ante el Tribunal Superior, Sala de Guayama, el recurrente Félix Cruz Villanueva tramitó un expediente de dominio sobre una finca de 43.76 cuerdas, sita en el barrio Marín, de Patillas. La finca objeto del expediente comprendía varias parcelas colindantes entre sí que el promovente había adquirido a título de permuta. Luego del trámite correspondiente, el tribunal de instancia dictó resolución aprobando la información de dominio y ordenando su inscripción en el Registro de la Propiedad.

Presentada para inscripción la copia certificada de la resolución mencionada, el Registrador devolvió el documento sin practicar operación alguna "toda vez que no se describen los distintos predios o fincas que constituyen el verdadero objeto de la información de dominio y no la formada por agrupación de ellas, solamente agrupables a virtud de escritura pública, de todo lo cual resulta imposible dar cumplimiento a las formalidades previas que deben practicarse con arreglo a lo dispuesto en el artículo 393 de la vigente Ley Hipotecaria." Contra esta actuación se interpuso recurso gubernativo. Una vez más el recurrido no ha radicado alegato para sostener su calificación.

La actuación registral en relación con la resolución judicial aprobatoria de la información de dominio claramente se excede de las facultades encomendadas a dicho funcionario en su misión calificadora, *Izquierdo* v. *Izquierdo*, 80 D.P.R. 80 (1957); *Valiente* v. *Registrador*, 63 D.P.R. 149 (1944); *Solá* v. *Registrador*, 39 D.P.R. 497 (1929); *Ramírez* v. *Registrador*, 16 D.P.R. 348 (1910), o sea, determinar si el tribunal tenía jurisdicción y el procedimiento seguido está conforme con las disposiciones legales pertinentes, *Wilcox* v. *Registrador*, 67 D.P.R. 477 (1947). Por otro lado, el fundamento adelantado en la nota denegatoria—imposibilidad de cumplir con los preceptos del artículo 393 de la Ley Hipotecaria, 30 L.P.R.A. sec. 735—es erróneo, ya que esta disposición no es aplicable a los expedientes de dominio sino solamente a los expedientes posesorios, únicos en los cuales la ley le impone la obligación al registrador de examinar el registro para averiguar si hay en él algún asiento relativo al mismo inmueble que pueda quedar total o parcialmente cancelado por consecuencia de la inscripción interesada, *P. R. Leaf and Tobacco Co.* v. *Registrador*, 17 D.P.R. 228 (1911); *Toro* v. *Registrador*, 25 D.P.R. 472 (1917); *Sucn. Medina* v. *Registrador*, 27 D.P.R. 201 (1919).

*Se revoca la nota recurrida y se ordena al Registrador de la Propiedad de Guayama que proceda a inscribir la resolución objeto del presente recurso.*

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente.

(Fdo.) Luis Negrón Fernández,
*Juez Presidente.*

Certifico:

(Fdo.) Ignacio Rivera,
*Secretario.*